Foree v. Stubbs.

James R. Foree, appellee, v. John J. Stubbs et al.,
appellants.

Filed June 26, 1894. No. 5358.

1. **Quieting Title:** Purpose of Statute: Multiplicity of Suits. The purpose of the act of 1873, entitled "An act to quiet title to real estate" (secs. 57, 58, 59, ch. 73, Comp. Stats.), was to abolish the fiction of constructive possession and prevent a multiplicity of suits, by a determination in one action of the rights of all persons asserting title to real estate.

2. ———: Right to Maintain Action. Any person claiming title to real property in this state, whether in or out of possession, may maintain an action against any person or persons claiming adversely, for the purpose of determining such estate and quieting title. (*Holland v. Challen*, 110 U. S., 15.)

3. ———: ———. The fourth proposition in the syllabus of the case of *State v. Sioux City & P. R. Co.*, 7 Neb., 357, overruled.

4. **Taxes:** Lien on Real Estate: Design of Statute. The provision of the revenue law by which taxes are declared to be a perpetual lien is designed for the benefit of the state and the different municipalities which are authorized to provide revenue by taxation.

5. **Purchasers of property at tax sales,** whether for investment or for the purpose of securing title thereto, must look to the remedy prescribed by statute.

6. **Foreclosure of Tax Liens:** Limitation of Actions. The limitation of the revenue law with respect to the period within which an action must be brought to enforce a tax lien does not relate to the remedy merely, but to the cause of action. (*Alexander v. Shaffer*, 38 Neb., 812.)

Appeal from the district court of Burt county. Heard below before Irvine, J.

*W. A. Redick* and *N. J. Sheckell,* for appellants:

The plaintiff cannot maintain this suit to quiet title because he has neither the legal title nor the actual possession

of the land. (*State v. Sioux City & P. R. Co.*, 7 Neb., 357; *Snowden v. Tyler*, 21 Neb., 199.)

Conceding, for the purpose of argument, that plaintiff's title is sufficient to maintain the action, the court ought to have required him to pay the tax liens and interest, as a condition of equitable relief, notwithstanding the liens are barred by statute. (1 Pomeroy, Equity Jurisprudence, secs. 385, 388; *Sturgis v. Champneys*, 5 M. & C. [Eng.], 97; *Crawford v. Galloway*, 29 Neb., 261; *Loney v. Courtnay*, 24 Neb., 580; *Hunt v. Easterday*, 10 Neb., 165; *Wygant v. Dahl*, 26 Neb., 562; *Comstock v. Johnson*, 46 N. Y., 615; *Tripp v. Cook*, 26 Wend. [N. Y.], 143; *McDonald v. Neilson*, 2 Cow. [N. Y.], 139; *Casler v. Shipman*, 35 N. Y., 533; *Finch v. Finch*, 10 O. St., 501; *Hanson v. Keating*, 4 Hare [Eng.], 1; *Whitaker v. Hall*, 1 Glyn & Jam. [Eng.], 213; *Colvin v. Hartwell*, 5 C. & F. [Eng.], 484*; *Wood v. Helmer*, 10 Neb., 65; *Harrison v. Haas*, 25 Ind., 281.)

*Montgomery, Charlton & Hall, contra:*

The statute requires neither actual possession nor legal title to be in plaintiff. (Comp. Stats., sec. 57, ch. 73.)

A lien upon land for taxes is unknown unless provided by express legislative authority. The method of enforcement and the duration of the lien are dependent upon statutes. (Cooley, Taxation [1st ed.], 305; Burroughs, Taxation [1st ed.], 271, 272; *Heine v. Levee Commissioners*, 19 Wall. [U. S.], 655; *Kirkwood v. Magill*, 6 Kan., 540.)

A statute giving a lien and a remedy for its enforcement must be strictly construed. (*Creighton v. Manson*, 27 Cal., 614.)

Equity cannot give assistance where the statute has provided another remedy. (*People v. Biggins*, 96 Ill., 481.)

Equity cannot give a remedy to one who has failed to avail himself of the remedy provided by law. (*Methodist Protestant Church v. Mayor and City Council of Baltimore*, 6 Gill [Md.], 391.)

The right to foreclose the tax liens expired after five years and the certificates are of no force. (*Parker v. Matheson*, 21 Neb., 546 ; *D'Gette v. Sheldon*, 27 Neb., 829 ; *Alexander v. Wilcox*, 30 Neb., 793 ; *Warren v. Demary*, 33 Neb., 327.)

A court of equity has no arbitrary power to grant relief independent of the settled rules of law and equity. (*Hanson v. Keating*, 4 Hare [Eng.], 1 ; *Whitaker v. Hall*, 1 Glyn & Jam. [Eng.], 213.)

Post, J.

Two questions are presented by the record of this case, viz. : First—Will an action lie by a party out of possession of real estate, but claiming an interest therein, to quiet his title as against one in possession ? Second—Will the plaintiff, in an action to quiet title as against one in possession, be required, as a condition to the relief sought, to discharge tax liens held by the defendant but which are barred by statute ?

We are embarrassed somewhat in the consideration of the question first stated by the decision of this court in *State v. Sioux City & P. R. Co.*, 7 Neb., 357. In that case it was held that in order to maintain an action to quiet title by one out of possession the legal title is indispensable; and such is conceded to be the rule, particularly in those jurisdictions where the distinction between legal and equitable remedies is still recognized, although it is rejected by courts of high standing as applied to our system, where the relief depends upon the facts proved rather than the form of action. The question is, therefore, to what extent the rule, as stated, has been modified by statute in this state? By the first three sections of the act of 1873, entitled "An act to quiet title to real estate" (secs. 57, 58, 59, ch. 73, Comp. Stats.), it is provided :

"Section 1. That an action may be brought and prosecuted to final decree, judgment, or order, by any person or

22

persons, whether in actual possession or not, claiming title to real estate, against any person or persons, who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate.

"Sec. 2. All such pleadings and proofs and subsequent proceedings shall be had in such action now pending or hereafter brought, as may be necessary to fully settle and determine the question of title between the parties to said real estate, and to decree the title to the same, or any part thereof, to the party entitled thereto; and the court may issue the appropriate order to carry such decree, judgment, or order into effect.

"Sec. 3. Any person or persons having an interest in remainders or reversion in real estate shall be entitled to all the rights and benefits of this act."

It is argued that the construction given that act in *State v. Sioux City & P. R. Co., supra,* is too narrow, notwithstanding the term "actual possession," as used in the first section. The evident purpose thereof, it is contended, was to abolish the fiction of constructive possession and prevent a multiplicity of suits by a determination in one action of the rights of all persons asserting title, whether in or out of possession. That contention finds support in the case of *McDonald v. Early,* 15 Neb., 63, in which it was held that an action to quiet title would lie for the purpose of determining the rights of parties, neither of whom claimed to hold the legal title; and in the opinion of the court it is declared that the object of the statute "was to extend the benefit of the common law in actions of this character to persons claiming title to real property, although not in possession thereof."

The same statute was before the supreme court of the United States for construction in the case of *Holland v. Challen,* 110 U. S., 15, where, after a careful consideration of the subject, the doctrine of *State v. Sioux City & P. R.*

*Co.* was rejected. The law of this state is there declared to be that "any person claiming title to real estate, whether in or out of possession, may maintain a suit against one who claims an adverse estate or interest in it, for the purpose of determining such estate and quieting the title." The question was subsequently presented in *Arndt v. Griggs,* 134 U. S., 316, where *Holland v. Challen* was cited and followed. Referring to our statute in the last named case the court says: "It is certainly for the interest of the state that this jurisdiction of the court should be maintained and that causes of apprehended litigation respecting real property necessarily affecting its use and enjoyment should be removed, for so long as they remain they will prevent improvement and consequent benefit to the public. It is a matter of every-day observation that many lots of land in our cities remain unimproved because of conflicting claims to them. The rightful owner of a parcel in this condition hesitates to place valuable improvements upon it, and others are unwilling to purchase it, much less to erect buildings upon it, with the certainty of litigation and possible loss of the whole. * * * To meet cases of this character statutes like the one of Nebraska have been passed by several states, and they accomplish a most useful purpose;" and the provision there referred to was held by the same court in *Reynolds v. Crawfordsville First Nat. Bank,* 112 U. S., 405, to mean the same as an Indiana statute authorizing an action to determine and quiet title to real estate by one having an interest therein, whether in or out of possession.

Under a statute of Arkansas, which, like ours, provides that "an action may be brought and prosecuted to final decree, judgment, or order by any person or persons, whether in actual possession or not, claiming title," etc., it was held in *Love v. Bryson,* 57 Ark., 589, that an action to quiet title would lie by the real owner, although out of possession, *Holland v. Challen, supra,* being cited with ap-

proval; and to the same effect are *Wofford v. Bailey*, 57 Miss., 239; *Paxton v. Valley Land Co.*, 67 Miss., 96; *Mason v. Black*, 87 Mo., 329; *Connecticut Mutual Life Ins. Co. v. Smith*, 22 S. W. Rep. [Mo.], 623.

It is suggested, too, that the Ohio cases cited in *State v. Sioux City & P. R. Co.* are not authority for the conclusion therein, since they rest upon a statute materially different from ours. There is force in that argument, as the Ohio statute then in force limited the right of action to "any person in possession by himself or tenant." In no other state, we believe, has a statute like that under consideration been held to exclude from its operation a party who in good faith seeks to assert an equity in lands as against a defendant in possession. We could not consent to the reversal of a rule of this court, particularly one that has become a rule of property, simply because it is rejected by the United States courts for this jurisdiction, however much a conflict with those courts is to be deplored; but where we entertain a settled conviction of the soundness of the rule which prevails in the courts of the United States, uniformity of construction is a strong inducement for the abandonment of a conflicting rule by this court. It follows that the plaintiff, although out of possession, was entitled to maintain the action to quiet his title, and that the case of *State v. Sioux City & P. R. Co.*, so far as it is in conflict with the rule herein stated, is overruled.

2. Should the plaintiff have been required, as a condition to relief, to discharge the tax liens against which the limitations of the statute had run? That question we regard as fully settled by the following decisions of this court: *Helphrey v. Redick*, 21 Neb., 80; *D'Gette v. Sheldon*, 27 Neb., 829; *Warren v. Demary*, 33 Neb., 327; *Alexander v. Shaffer*, 38 Neb., 812. The doctrine of those cases is that the provision of the revenue law by which taxes are declared to be a perpetual lien is for the exclusive benefit of the state and the different agencies thereof which are

State v. Bartley.

authorized to raise revenue by taxation for public purposes. It follows that purchasers of property at tax sales, whether for investment or with the view of securing title, must look to the remedy prescribed by statute. As said in *Alexander v. Shaffer*, "the limitation fixed in the revenue law is not merely a limitation as to the right of action, but it is a limitation upon the duration of the lien itself, and that upon the expiration of the period it is not merely the remedy to enforce the lien which expired, but the lien itself is extinguished absolutely." As the defendant had no lien, the district court was right in holding that he had no equities which could be enforced in this action. The maxim, "He who seeks equity must do equity," should never be so applied as to require performance by the plaintiff of acts not imposed upon him by established principles of law or equity. (*Alexander v. Shaffer, supra.*) It follows that the judgment of the district court is right and is

AFFIRMED.