MICHAEL McCAULEY, APPELLEE, v. CHARLES OHEN-STEIN ET AL., APPELLANTS.

FILED FEBRUARY 20, 1895.    No. 5543.

1. **Quieting Title**: PLAINTIFF'S PROOFS. In an action to quiet title, when the plaintiff's title is put in issue by the answer, he is required to establish upon the trial that he is the owner of the legal or equitable title to the property, or has some interest therein, superior to the rights of the defendant, in order to entitle him to the relief demanded.

2. **Tax Deeds:** Treasurers' Seals. Inasmuch as the legislature has failed to provide for an official seal for county treasurers, no tax deed executed under the revenue law of 1879 is of any validity. *Larson v. Dickey*, 39 Neb., 463, adhered to.

Appeal from the district court of Lancaster county. Heard below before Tibbets, J.

*Thomas C. Munger*, for appellants.

*R. D. Stearns, contra.*

Norval, C. J.

On the 4th day of August, 1870, the state of Nebraska, by a deed duly executed by the governor, and attested by the secretary of state, conveyed to one Paren England lot one (1) in block two hundred and one (201) in the city of Lincoln, which deed was recorded September 10, 1870. Subsequently, on August 29, 1870, said Paren England, together with his wife, by a deed of general warranty duly executed and acknowledged, conveyed said lot to one Charles Ohenstein, which instrument was filed for record on the next day after its date. On the 22d day of May, 1884, the above described lot was sold by the county treasurer at private sale for taxes levied thereon for the years 1872 to 1882, inclusive, amounting to $17.80, and a tax deed was executed to the purchaser, Bartholomew Mahoney, on the 19th day of April, 1887, who executed and delivered a quitclaim deed for the premises to the plaintiff, Michael McCauley, on December 30, 1889.

On October 26, 1889, J. B. Trickey & Co. commenced an action in the district court of Lancaster county against Charles Ohenstein to recover the balance due upon an account. A writ of attachment was sued out of said court, and the lot in question was seized thereunder. Afterward, judgment was rendered in the action against the defendant for the sum of $10, and costs taxed at $35.35, and the sher-

McCauley v. Ohenstein.

iff was ordered to proceed as upon execution to advertise and sell said lot to satisfy the judgment and costs aforesaid. Thereupon this action was begun in the court below by Michael McCauley against Charles Ohenstein and J. B. Trickey & Co. to quiet the title to said lot in the plaintiff, alleging in the petition that he is the owner in fee, and in possession of the premises, and has made lasting and valuable improvements thereon; that the judgment in favor of J. B. Trickey & Co. is void; that the same and the deed from England to Ohenstein are a cloud upon the plaintiff's title to said premies.

J. B. Trickey & Co. filed an answer denying the averments of the petition, and setting up the judgment and proceedings in the attachment; that said judgment is unpaid, and is a valid, subsisting lien against said lot. The reply is a general denial. On the trial the court found the issues against the defendants, J. B. Trickey & Co., enjoining them from proceeding to sell the lot under their judgment, and quieted the title thereto in the plaintiff. The defendants appeal.

It is argued that the findings and judgment are not sustained by sufficient evidence. Plaintiff in his petition alleges ownership in himself to the premises in dispute. His title was put in issue by the answer, therefore he was required to establish upon the trial that, at the commencement of the action, he was the owner of the legal or equitable title to the property, or had some interest therein, in order to entitle him to the relief demanded. Upon the trial plaintiff introduced in evidence the tax deed mentioned above, under and through which alone he claims to be the legal owner of the real estate in question. The defendant insists that the tax deed is invalid and conveyed no title to the lot to the grantee therein named, for the reason that the instrument is void on its face for the following reasons:

1. It shows that the sale was not made for all the taxes thereon delinquent against the property.

2. In that it fails to recite that the lot had been previously offered for sale, and not sold for want of bidders, the lot having been sold at private sale.

3. The deed fails to recite when the sale was made.

4. Because no valid tax deed can be executed in this state under the law now in force.

It will be unnecessary to consider the first three objections made, since the decision upon the fourth, or last, ground must be adverse to the plaintiff. The point was raised and passed upon in *Larson v. Dickey*, 39 Neb., 463, in the able and exhaustive opinion of RAGAN, C. The fifth point of the syllabus reads as follows: " There is no such thing as a county treasurer's official seal of office provided for or recognized by the laws of this state, and until the legislature shall provide for an official seal for county treasurers, no tax deed of any validity can be executed under the present revenue law."

We are satisfied with the reasoning of the opinion in *Larson v. Dickey*, and, applying the rule therein stated to the case at bar, the conclusion is irresistible that the tax deed in question is void and was insufficient alone to convey title to the plaintiff to the premises in controversy. The conclusion reached makes it unnecessary to determine whether the judgment in favor of J. B. Trickey & Co. is valid and constitutes a lien upon the real estate involved in this case, since the plaintiff, in an action to quiet title, as in a suit in ejectment, must obtain relief upon the strength of his own title, and not because of the weakness of the title of his adversary. (*Blodgett v. McMurtry*, 39 Neb., 210.)

The evidence fails to support the findings, and the decree of the lower court quieting the title to the lot in the appellee is reversed, and the action dismissed.

REVERSED AND DISMISSED.