JOHN C. DOLEN V. WILLIAM C. BLACK.

FILED JUNE 2, 1896.   No. 6694.

1. **Quieting Title.** In an action *quia timet* in this state the question of title between the parties may be fully litigated and determined and a decree rendered assigning the title to the real estate or any part of it to the party entitled thereto.

2. **Limitation of Actions: ADVERSE POSSESSION.** The statute of limitations will begin to run against the title of a party purchasing lands from the United States from the date of his compliance with all the requisites to entitle him to a patent therefor in favor of one who holds adverse possession of the real estate.

ERROR from the district court of Gage county.   Tried below before BABCOCK, J.

*John Saxon* and *Alfred Hazlett,* for plaintiff in error.

References: *Blazier v. Johnson,* 11 Neb., 409; *Gibson v. Chouteau,* 13 Wall. [U. S.], 92; *Wilcox v. McConnel,* 13 Pet. [U. S.], 498; *Irvine v. Marshall,* 20 How. [U. S.], 558; *Lindsey v. Miller,* 6 Pet. [U. S.], 667; *Oaksmith v. Johnston,* 92 U. S., 343; *Sparks v. Pierce,* 115 U. S., 408; *Burgess v. Gray,* 16 How. [U. S.], 48; *Duke v. Thompson,* 16 O., 34; *Wallace v. Miner,* 6 O., 367; *Hambrick v. Russell,* 5 So. Rep. [Ala.], 298; *Gould v. Kendall,* 15 Neb., 549; *Hobbie v. Zaepffel,* 17 Neb., 536.

*J. A. Smith, contra.*

HARRISON, J.

This action was commenced in the district court of Gage county by plaintiff, the relief prayed for being to

quiet the title to the west one-half of the northeast quarter and the east one-half of the northwest quarter of section 23, in township 1 north, of range 5 east, and in Gage county. The summons issued in the case, which was served on the defendants, was of date June 9, 1892. A number of the defendants answered, disclaiming any interest in the real estate. William C. Black, in a separate answer, which was in part in the nature of a .cross-petition, pleaded title to the land by adverse possession during the full period prescribed by the statute of limitations, and asked a decree quieting the title in him. As the result of a trial of the issues to a judge of the district court the defendant, William C. Black, was awarded a decree granting him the relief prayed for in his answer, to reverse which the plaintiff has presented the case to this court by error proceedings.

It is claimed that the court had no jurisdiction in this action to try the question of the conflicting titles and grant the defendant Black affirmative relief. In an action *quia timet* in this state the question of title between the parties may be fully litigated and determined and a decree rendered assigning the title to the real estate, or any part of it, to the party entitled thereto. (Compiled Statutes, 1895, sec. 58, ch. 73; *Snowden v. Tyler*, 21 Neb., 199.)

It appears from the evidence that on March 14, 1881, one Otto Yaeger received from the United States, through its proper land officer, a certificate of purchase of the lands in controversy in the case at bar, and on December 15 of the same year, 1881, received a final certificate of purchase, entitling him to a patent for the land. It further appears that the money to make both the first and final payment of the purchase price of the land was furnished by one Thomas Yule, and that on March 14, 1881, the date of the first payment, Yaeger executed and delivered to Yule a quitclaim deed, in which the real estate in suit was described. The other conveyances which figure in the title, and which we need notice, were as follows:

December 15, 1881, warranty deed from Thomas Yule to
Carl Langrich; June 10, 1882, deed by Otto Yaeger to
John C. Dolen; September 25, 1882, patent by United
States to Otto Yaeger; November 20, 1883, warranty
deed by Carl Langrich to Elizabeth Avery; April 24,
1886, warranty deed by Elizabeth Avery to William C.
Black. It is claimed that the possession of Yule and
other parties to the asserted chain of title, commencing
with Yaeger and running through various persons to
William C. Black, if continuing and adverse, would not
ripen into a title by virtue of the provisions of the statute
of limitations until the expiration of ten years from the
date of the patent issued to the purchaser of the land. It
was established from the evidence that from the date of
the quitclaim deed from Yaeger to Yule, March 14, 1881,
each party whose name appears in the chain of title intro-
duced in evidence, commencing with Yaeger and termi-
nating in William C. Black, was in possession of the land,
either personally or by tenant, from the time of its con-
veyance to him until he conveyed it to his grantee, and
the land was being cultivated and improvements made
thereon; that such possession was continuous and unin-
terrupted and adverse to all other claimants. On De-
cember 15, 1881, as we have stated, final payment was
made for the land, and a final certificate issued. The
party purchaser had done all things required of him by
law to entitle him to a patent conveying to him the title
to the land, and from that date the statute of limitations
commenced to run. Hence, on June 9, 1892, more than
ten years had elapsed and the action was barred, and the
title by adverse possession had become unassailable by
reason of the lapse of time. The statute of limitations
will run against a party purchaser of lands from the
United States who has complied with all the requisites
to entitle him to a patent therefor from the United States,
or his grantee, from the date of such compliance, in favor
of a party who holds adverse possession of the lands.
(*Carroll v. Patrick*, 23 Neb., 834; *Cauley v. Johnson*, 21 Fed.

Rep., 492; *Steele v. Boley*, 22 Pac. Rep. [Utah], 311, and cases cited.) It follows that the judgment of the trial court must be

AFFIRMED.