THOMAS B. KERR ET AL., APPELLANTS, V. WILLIS P. McCREARY ET AL., APPELLEES.

FILED APRIL 24, 1909.   No. 15,466.

1. **Mortgages**: FORECLOSURE SALE: TITLE OF PURCHASER. The purchaser at a judicial sale upon the foreclosure of a mortgage upon confirmation acquires the title of all the parties to the action, and nothing more.

2. ———: ———: ———. During the lifetime of the mortgage, it is a lien on all of the interest of the mortgagor possessed by him at the execution of the mortgage, and the purchaser at the judicial sale acquires such title only in the event that the mortgagor's grantee to whom the equity of redemption has been sold has been made a party to the action.

3. **Quieting Title**: EQUITY. Where the plaintiff brings an action to quiet title to real estate, and the defendant prays to be declared the owner and to have her right of possession confirmed, such prayer is a demand for affirmative relief and subjects the defendant to the operation of the maxim that he who seeks equity must do equity.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Reversed with directions.*

*R. A. Batty* and *H. F. Favinger,* for appellants.

*John C. Stevens* and *W. P. McCreary, contra.*

CALKINS, C.

In the year 1888 William Kerr, since deceased, being the owner of the land in controversy, two lots in the city of Hastings, conveyed the same to the defendant Willis P. McCreary, receiving therefor $1,500 of the purchase price in cash, and a mortgage signed by McCreary alone upon the same property to secure the remainder, $2,500. McCreary conveyed the property to one Stevens, and he conveyed to McCreary's wife, the defendant Mary B. McCreary. Her deed was recorded September 27, 1890. Default having been made in the payment of a part of the debt, the mortgagee on October 16, 1891, instituted an action in foreclosure against McCreary, prosecuting the same to judicial sale, at which the mortgagee was the purchaser. He secured an order of confirmation in which the sheriff was directed to execute to him a deed of the premises. A deficiency judgment was also obtained against the mortgagor, which was afterwards satisfied and released of record. In the petition for foreclosure, Mary B. McCreary was named in the title of the case as a defendant. Throughout the proceeding no other reference was made to her, and no relief was asked as against her. She was not served with summons, nor did she enter her appearance. This action was instituted by the plaintiffs, who are William Kerr's grantees, in which they allege that the sheriff's deed was duly executed and delivered, and that it was never recorded and has been lost. The plaintiffs further allege that they and their grantor entered into the possession of the property in March, 1893, the date of the confirmation, and that they have continuously thereafter remained in the open, notorious and adverse possession of the same under a claim of title. Plaintiffs prayed that the court decree them to be the owners of said property, and that the claim of defendants and each of them shall be removed, canceled and held for naught. The defendants filed separate answers, but we need to consider only that of Mary B. McCreary, who

alleged the facts above set forth regarding the foreclosure proceedings, and the obtaining by the plaintiffs of the title which was obtained by their grantor in the fore-closure proceedings.

Plaintiffs contend that the purchaser at a judicial sale receives whatever title the mortgagor possessed at the time the mortgage was given; that the purchaser upon confirmation was entitled to possession even as against the mortgagor's grantee, who was not made a party; and, further, by her deed from the mortgagor, Mary B. Mc-Creary obtained only the equity of redemption, that is, the interest remaining after the incumbrance has been paid, and that her only right now, or at any time, has been to redeem from the mortgage; that, notwithstanding the fact that she was not made a party in the fore-closure proceeding, that proceeding is not void as to her; and that the title passed to the purchaser and to his grantees subject only to the rights of Mary B. McCreary to redeem. The contention has support in the decisions of many courts in jurisdictions presumably where a mortgage is held to convey the legal title. Such a rule is probably applicable also where one interested in the title and hav-ing the right to possession is properly made a defendant in the foreclosure proceedings, whereby upon foreclosure the purchaser acquires the right to possession. In such cases a subsequent lienor or perhaps the mortgagor's grantee has only a right to redeem.

Section 853 of the code provides that the sheriff's deed, conveying property upon foreclosure, "shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been fore-closed, and no other or greater; and such deeds shall be as valid as if executed by the mortgagor and mortgagee and shall be an entire bar against each of them, and all parties to the suit in which the decree for such sale was made, and against their heirs respectively, and all persons claiming under such heirs." The decisions of this court firmly establish that in foreclosure proceedings the pur-

chaser at a judicial sale upon foreclosure of a mortgage acquires the title of all parties to the action, and nothing more. In *Dodge v. Omaha & S. W. R. Co.,* 20 Neb. 276, it is said: "And we take it to be equally well settled that the rights of all persons not parties are wholly unaffected thereby (meaning by the judicial sale). Therefore the foreclosure of the mortgage, terminating in the sale, could only affect the rights of the parties to the action. The purchase of the property by plaintiff was only the purchase of the title of the mortgagor at the time of the execution of the mortgage, and his right to redeem, leaving unaffected the after-acquired rights of the defendant." The defendant had not been made a party to the foreclosure. It seems to the author that the phrase "at the time of the execution of the mortgage," appearing above, as explanatory to the title acquired by the purchaser, was inadvisedly used. Such language is proper when used with reference to title superior to that of the mortgagor at the time of the execution of the mortgage, or where the mortgagor did not own all the title to the land mortgaged. It is apparent from the decision in *Dodge v. Omaha & S. W. R. Co., supra,* that the purchaser did not acquire all the title owned by the mortgagor at the execution of the mortgage, as the after-acquired rights of the railroad company remained unaffected.

In *Monroe v. Hanson,* 47 Neb. 30, it is said: "It is the general rule that no person can be affected by any judicial proceedings to which he is not a party, and a judgment takes effect only between the parties and gives no rights to or against third persons. * * * So a foreclosure is only effectual against those interested in the title who were parties." The case last cited was a foreclosure of a mechanic's lien, but under our statute the rights of interested parties and the necessity of making all interested parties defendants are the same in the foreclosure of mortgages. See, also, *Green v. Sanford,* 34 Neb. 363. In *Eayrs v. Nason,* 54 Neb. 143, it was said: "Appellant's father was the owner of the legal title to the land upon

which the mortgage foreclosed in that suit was a lien, and was therefore a proper and a necessary party to that suit." The appellant as her father's heir was entitled to redeem and have the title quieted in her, because her father was not made a party to the foreclosure proceeding, which was held void as to him. We have recently held that a decree affecting the title to real estate is absolutely void as to an interested party not served with process. *Payne v. Anderson,* 80 Neb. 216; *Wagner v. Lincoln County,* 80 Neb. 473. In *Hayes County v. Wileman,* 82 Neb. 662, we said: "The owner of the equity of redemption is an indispensable party to the foreclosure of a tax or other lien. *Alexander v. Thacker,* 30 Neb. 614."

We quite agree with the plaintiffs that by her deed, so far as the mortgagee was concerned, Mrs. McCreary acquired only an equity of redemption. In other words, she obtained the title which her grantor possessed. But this carried with it all rights incident to such title. She therefore had the right to pay the mortgage, and that right continues until it is either exercised or barred. The only way to bar that right, except by her voluntary act, is a foreclosure of the mortgage by proceedings wherein she is a party. At the time she received her deed and continuously thereafter she had the right to possession. The foreclosure proceedings did not deprive her of this right. There are numerous decisions, some of which are cited by plaintiffs, pertaining to the rights of mortgagees in possession. Such decisions are not in point. They refer to cases wherein the mortgagee is rightfully in possession. And, unless by special agreement to the contrary, the mortgagor or his grantee has the right of possession until ousted by a sale in foreclosure proceedings in which the one owning the right to possession is a party. During the lifetime of the mortgage it is a lien on all the interest of the mortgagor possessed by him at the execution of the mortgage, and the purchaser at the judicial sale acquires such title only in the event that the mortga-

gor's grantee to whom the equity of redemption has been sold has been made a party to the action.

The defendant's prayer was that she go hence without day, and that she be declared the owner, and that her possession be confirmed, and that she have such other and further relief as may seem meet. This, we think, was tantamount to a prayer that the title to said premises be quieted in the defendant. The district court so regarded it, and rendered a judgment decreeing the title quieted in her, confirmed her right to the immediate possession of the premises, canceled the plaintiff's deeds, and dismissed the action.

The plaintiffs contend that the maxim that he who seeks equity must do equity should be applied, and that the defendant should be required, as a condition of any affirmative relief, to pay to the plaintiffs the amount bid by their grantor at the foreclosure sale. Against this contention it is argued that the defendant was not seeking affirmative relief; but the evidence, as we have seen, shows that at the time of the commencement of the action and for some four years prior thereto the premises had been in the possession of the plaintiffs and plaintiffs' grantors, and the effect of a judgment in accordance with defendant's prayer would be to quiet her title and eject the plaintiffs from the possession of the premises. This relief the court had power to grant; but in asking the same of a court of equity the defendant subjected herself to the rules governing the administration of relief in that jurisdiction. The meaning of the maxim invoked is said to be that, "whatever be the nature of the controversy between two definite parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded or will admit and provide for, all the equitable rights, claims and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject matter of the controversy." 1 Pomeroy, Equity Jurispru-

dence (3d ed.), sec. 385. "This principle is not confined to any particular kind of equitable rights and remedies, but pervades the entire equity jurisprudence, so far as it is concerned with the administration of equitable remedies." 1 Pomeroy, Equity Jurisprudence (3d ed.), sec. 388.

It is further suggested that the statute of 1907 (Ann. St., sec. 10873) prevents the application of this maxim. The provisions of that statute are that, when any lien or apparent lien on any real estate shall not be enforceable by lapse of time, the owner of such real estate shall be entitled to have his title thereto quieted against such unenforceable lien or apparent lien. It will be observed from a reading of this statute that it does not in terms forbid a court of equity from enforcing the maxim under consideration in the cases mentioned therein, and it should not be construed to authorize a court of equity to cancel an apparent lien without regard to conditions usually imposed in granting such relief.

We therefore recommend that the judgment of the district court be modified so as to require the defendant, as a condition of the relief granted to her, to pay to the plaintiffs the amount bid at the foreclosure sale, with interest thereon from the date of said sale, except for the period during which the plaintiffs have had possession of the property.

By the Court: For the reasons stated in the foregoing opinion, the cause is remanded to the district court, with directions to modify the decree so as to require the defendant Mary B. McCreary, as a condition of the relief granted to her, to pay to the plaintiffs the amount bid at the foreclosure sale, with interest thereon from the date of said sale, except for the period during which the plaintiffs have had possession of the property.

JUDGMENT ACCORDINGLY.

FAWCETT, J., dissenting.

I am unable to concur in the conclusion reached that defendant Mrs. McCreary, as a condition of the relief

granted to her, be required to pay to plaintiffs the amount
bid at the foreclosure sale. I think she is entitled to the
relief without any such condition, and that her right to
that relief is fully shown in the statement of facts con-
tained in the opinion, and amply supported by the au-
thorities therein cited. It cannot be questioned that,
under the facts recited in the opinion, Mrs. McCreary
could have maintained ejectment against the plaintiffs
without paying or offering to pay the amount of their bid
at the foreclosure sale. Under the statements contained
in the opinion, which are fully supported by the record,
plaintiffs were not, as against Mrs. McCreary, mortgagees
in possession. At the time of the commencement of the
foreclosure suit, she was the owner of the property in fee,
and, as such owner, was entitled to the possession. She
was not made a party to the foreclosure suit, hence her
right of possession had not been cut off, or in any manner
barred. In the case at bar, plaintiffs were not seeking
to foreclose their lien against her, but were asserting
absolute ownership and right of possession, and asking to
have their title and right of possession quieted and con-
firmed. To this action Mrs. McCreary had a right to in-
terpose any legal defenses without offering to do equity.
If plaintiffs were seeking to foreclose their lien against
her, and she was asking any equitable relief, then the
maxim, "He who seeks equity must do equity," would
apply. But Mrs. McCreary is not asking any equitable
relief. She is not asserting any right, or asking any re-
lief which she could not properly assert and ask in an
action in ejectment. The conclusion of the court is based
upon the prayer of her answer: "That she may go hence
without day, and that she be declared the owner, and that
her possession be confirmed, and that she have such other
and further relief as may seem meet." I am unable to dis-
cover any prayer for equitable relief in that language.
She does not ask the court to find and adjudge anything
more than she could have established and have had deter-
mined in an action in ejectment. She had alleged in her

answer, and the evidence clearly established the fact, that more than ten years had elapsed from the execution of the sheriff's deed in the foreclosure suit on March 22, 1893, prior to the commencement of the present suit. If plaintiffs had been attempting in the present suit to foreclose the lien of their mortgage against Mrs. McCreary, this lapse of time, under section 10873, Ann. St. 1907, would have given Mrs. McCreary a complete defense to such attempted foreclosure, and I do not think the court has any right to enlarge that section of the statute by construction so as to require her to pay the amount of plaintiffs' mortgage as a condition precedent to her interposition of that statute as a defense. The maxim, "He who seeks equity must do equity," when applied in a proper case, is wholesome, and should be adhered to. It is one of the tenets of our jurisprudence. But it is apparent from the wording of the maxim itself that, before one may be required to do equity, he must be seeking equity. This means that one coming into a court of equity, asking for affirmative equitable relief, will be required to do equity in all respects pertaining to the subject matter of the litigation. One who seeks affirmative equitable relief against a lien upon his premises, although the foreclosure of the lien is barred by the statute of limitations, may be required to do equity by paying whatever is in equity due upon the lien. But the maxim does not mean that the statute of limitations may not be pleaded as a defense against the foreclosure of the mortgage. In such a case the defendant may plead the bar of the statute to defeat the foreclosure; but, if he goes further and asks for affirmative relief against the lien, the maxim may be applied. The maxim does not mean that one may not resist the demands of his adversary by interposing whatever legal rights he may have as a defense, the purpose and effect of which will be to defeat the affirmative demands of the adverse party. Were it otherwise, the statute of limitations might never be successfully pleaded as a defense in foreclosure. In the case at bar, plaintiffs are not seeking to foreclose the

lien. They claim the fee title. But, as above shown, they have, as against Mrs. McCreary, neither the legal nor equitable title. At most, they have only a barred lien. By their pleadings they do not claim any lien. They seek to have the title quieted in them. Plaintiffs argue that, in the event the title cannot be quieted in them, defendant should not be granted the relief she asks without first paying the amount bid at the judicial sale, with interest thereon. But they ask no such relief in their petition. Surely the defendant may interpose her defense to plaintiffs' action, to the extent of showing that plaintiffs are not entitled to recover, without being required to pay the mortgage which had been foreclosed more than ten years prior to the commencement of this suit in a foreclosure proceeding to which Mrs. McCreary was not made a party. Mrs. McCreary did not file a cross-petition. She did not ask equitable relief. She pleaded and established her legal defenses, and prayed that she be declared the owner and that her possession be confirmed. This cannot possibly be construed into an appeal for equitable relief. The fact that the decree granted defendant more relief than she prayed cannot change the status of Mrs. McCreary to her disadvantage. In so far as the decree attempted to quiet her title, it is not supported by the pleadings, and is erroneous. The judgment of this court should be that that part of the decree of the district court which quiets the title of Mrs. McCreary to the property in controversy, and vacates the deed from William Kerr and Elizabeth Kerr to Thomas B. Kerr, and from Thomas B. Kerr to Elizabeth Kerr, be reversed, and that in all other respects the decree stand affirmed.