## BEEBE, Plaintiff, v. BROWNLEE, Defendant.

Common Pleas Court, Franklin County.

No. 179655.   Decided October 9, 1951.

### ORAL OPINION

By KING, J.

THE COURT: Gentleman, I have listened as carefully as I could to the analysis of the authorities which each of you have presented to the court, both pro and con, the ultimate issue for determination by the court, as well as the record evidence which has been adduced here in evidence.

This is an action, in substance, instituted by the plaintiff wherein he seeks by proper order of the court to have conveyed to him real property, the subject of the action, located here within the County of Franklin formerly jointly or commonly owned by himself and his former wife, Mrs. Beebe. The action of the plaintiff is based upon a finding of the court of Florida wherein the plaintiff by a bill of complaint instituted an action of divorce from his wife, answer was filed, the cause proceeded to be determined by the court on the factual situation presented to that court.

The record before me discloses that the plaintiff obtained the divorce based upon the aggression—upon the grounds of the aggression of the wife. It was stated here to the court, and it is in evidence before me, that the parties had been married for a period of nineteen years, that the former wife, the defendant herein, informed the plaintiff, in substance, that she no longer cared to live with him as his wife, that she had found another with whom she desired to be married. There was born as the issue of this marriage a child which at the time was past fourteen years of age. The record further discloses that there was property both real and personal located in the State of Florida and also real property located here in Franklin County jointly owned or owned in common, whichever way the facts might finally determine, by the parties.

The plaintiff was granted the divorce. A contract was entered into by and between the parties, as it appears from the evidence, in which, in substance, it was agreed that the plaintiff should have the care, custody and control of the minor child, fourteen years and past of age, subject to the right of visitation by the other; that monies in the bank amounting to approximately $2200.00 was to be given to the wife; that the property in Florida was to go to the husband. The contract further provided that the defendant would convey to the plaintiff all of the property jointly owned by them, whether real, personal or mixed. The provisions of the contract were observed and carried out with the exception of the real property in Ohio, in which the wife, former wife, refused to make a conveyance. The record further discloses that in the meantime Mrs. Beebe has remarried.

Now, it is the contention of the plaintiff, as I understand it, that due to this contract and to this decree he is entitled to an order of the court providing for the conveyance of the property in question. It is, if I understand correctly, the contention of the defendant that the court of Florida had no jurisdiction over the res, that is the property here in Ohio,

that that court had jurisdiction only of property located within its jurisdiction, and that its decree could not be operative upon property beyond the boundaries of Florida. The plaintiff, among other things, has asked for specific performance, specific performance of the contractual agreement entered into, the contractual relationship created by the stipulation before the court.

Now, first, it seems to me that the question is, what was the intention of the parties, what did they intend to do? Did the husband, the then husband and the wife before the divorce was granted and in making their arrangements with reference to the properties jointly owned—was it the intention, the mutual agreement of each, that the property in Ohio should be conveyed to the plaintiff?

Now, the stipulation provides all of the property. Now, all means in whole, the entirety, in the aggregate. It seems to me that there is no ambiguity about the contract, there is no ambiguity about the decree. It is as clear as language can make it, namely, that all of the property of the wife shall be conveyed to the husband. She also therein as a consideration received $2200.00 in cash, and the language of the decree is as clear as the wording of the stipulation, the contract.

I appreciate that that decree in and of itself does not work as a transfer of the real property, as that court had no jurisdiction over the res, its jurisdiction was in persona, but that court was a court of equity, having jurisdiction over the person, and in weighing the equities could make any order requiring the defendant or the parties to comply with such order as was in keeping with the equities of the situation, of the facts and circumstances presented to that court, and the court did that. I repeat it. It had jurisdiction of the person but not over the property in Ohio. I feel that that court could make such a decree as the equities of the case justified, and that that order while not in and of itself acting as a transfer of the property would be binding upon the conscience of the parties and could become, as it became here, the predicate or the basis of an action by the plaintiff in a court of competent jurisdiction where the property is situated. That is what has occurred. Now, it would be binding, I say, upon these parties, that decree, unless fraud had been shown, and there is nothing like that presented here, no fraud, not even a suggestion of fraud. Now, you are persuaded that the decree is, as the language states, all properties wherever situated, but that was the intention of the parties, and it was the meaning of the court order, that all real property wherever situated

was to be conveyed by the wife to the husband, that is her interest.

It would be strange, indeed, that all other matters like the custody, care and control of the child, the right of visitation, the monies in the bank in Florida, and all of the property in Florida was provided for and disposed of, that they would leave just one parcel here in Ohio unthought of and undisposed of. I use that because of the probabilities of the agreement, the intention of the parties, the mutuality, or the lack of it.

I feel that there was a complete hearing. I feel that they all understood what they were doing, that is, the parties to it. I feel for the aggression of the wife that was really the logical thing to do. Here in our own court, if husband and wife come into court seeking a divorce, property owned by the husband, and the husband is the aggressor, guilty of wrongdoing, the court can make such disposition of that property as the facts and the circumstances before him warrant or justify. He could do it in the absence of an agreement, but of what greater force is the action of the parties when they enter into an agreement disposing of their property, later approved and made a part of the decree, or at least approved by the court.

I repeat this. The decree of the Florida court does not act as a conveyance. It can't do that, but it is binding upon the parties and can be, and here is, the subject of an action to compel not only compliance with the contract but an observance of the determination of the rights of the litigants by a court in a sister state.

My analysis of the facts and the law brings me to this conclusion: That the plaintiff is entitled to have an order of the court requiring the defendant within ten days to execute a deed of conveyance of the property in question or upon her failure so to do, that the order of the court stands of record as a conveyance of the property in question, and that her present husband be barred of all dower right or interest in the property. You may draw an entry accordingly. Exception may be taken to the ruling of the court.