KENNETH O. WEESNER, APPELLANT AND CROSS-APPELLEE, V. RUTH WEESNER ET AL., APPELLEES AND CROSS-APPELLANTS.

95 N. W. 2d 682

Filed April 3, 1959. No. 34528.

*Baskins & Baskins,* for appellant.

*Maupin, Dent, Kay & Satterfield, Wm. E. Morrow, Jr.,* and *George B. Dent,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Kenneth O. Weesner, brought this action in the district court for Lincoln County against defendants, Ruth Weesner, plaintiff's former wife, and three-named minor children of the parties, seeking to have declared void a divorce decree rendered by the district court for Goshen County, Wyoming, on September 22, 1954, insofar as same purported to directly affect and determine the title to described real property located in North Platte, Lincoln County, Nebraska, which property was allegedly owned by plaintiff and Ruth Weesner as joint tenants with right of survivorship. Plaintiff prayed for an order cancelling such portion of said decree of record in Lincoln County, quieting the title to his interest in the property, and enjoining defendants from asserting any right, title, or interest therein as against plaintiff by virtue of said Wyoming decree.

Plaintiff's amended petition alleged in substance that plaintiff and Ruth Weesner, hereinafter called defendant, were married at Stapleton, Nebraska, on April 24, 1936; that the three minor defendants were born of said marriage; that on February 23, 1943, during their marriage, the title to the property involved was conveyed to plaintiff and defendant as joint tenants with right of survivorship by warranty deed recorded March 2, 1943, in Lincoln County; and that on September 22, 1954, the Wyoming court rendered a divorce decree in an action wherein plaintiff herein was plaintiff and defendant herein was defendant and cross-petitioner. A copy of said decree, which was incorrect in some particulars, was attached to and made a part of plaintiff's amended petition filed herein.

However, an admittedly true copy of said Wyoming decree, as far as important here, disclosed the following: That on September 22, 1954, plaintiff appeared in the Wyoming court in person with his attorney, and defendant as cross-petitioner also appeared in person with her attorney, after having been regularly served with process. Evidence was adduced by plaintiff and defendant and the cause was regularly submitted. Thereupon the court found and adjudged the issues generally in favor of defendant on her cross-petition and against plaintiff; that the parties were lawfully married in Nebraska on April 24, 1936, but had become legal residents of Goshen County, Wyoming; and that defendant was entitled to and was granted an absolute divorce from plaintiff, together with the custody and control of their three-named minor children with right of reasonable visitation by plaintiff. The decree then ordered plaintiff to pay to the clerk of the district court of Goshen County, Wyoming, designated monthly amounts payable semimonthly for support and care of the children, and ordered plaintiff to pay the costs, including $200 as fees for defendant's attorney. Defendant was then *"awarded the dwelling house of the parties located in*

*North Platte, Nebraska"* particularly describing same, which is admittedly the property here involved, *"provided that the Defendant * * * cannot, for a period of five years from date hereof sell or mortgage said property without Court order and provided, further, that in the event of the"* defendant's *"death during said five year period, said real estate shall then become the property of the children hereinabove named in equal portions. * * * that the Plaintiff * * * shall make, execute, and deliver to the Defendant * * * a Quitclaim Deed of his interest in and to the above described real estate * * * and in the event of his failure to do so this Decree shall act as a conveyance of his interest in and to said real estate to the Defendant * * *."* (Italics supplied.)

We are primarily interested here in the legal effect of only the italicized portion of said decree. In that connection, plaintiff's amended petition filed herein also alleged that on November 16, 1954, defendant recorded said decree in Lincoln County, Nebraska, but that same was of no force and effect insofar as it purported to award and convey plaintiff's interest in the aforesaid real property to defendants or any of them because the Wyoming court was without jurisdiction to directly affect or determine the title to the real estate, and that any claim thereto made by defendants casts a cloud upon plaintiff's interest in the title thereto.

Defendant's answer and cross-petition as amended, after plaintiff's demurrer to defendant's cross-petition had been sustained and she had been denied any suit money, alleged substantially the following: She admitted the marriage as alleged; admitted that on February 23, 1943, plaintiff and defendant had acquired the property as alleged; and admitted that on September 22, 1954, the decree of divorce heretofore set forth was rendered by the Wyoming court, and that same was recorded by defendants as alleged. An admittedly correct copy of the said Wyoming decree was attached to and made a part of defendant's answer and cross-petition

as also was a copy of plaintiff's amended petition for divorce and defendant's answer and cross-petition thereto filed in the Wyoming court.

Defendant's amended answer and cross-petition filed herein denied generally. It then alleged that on June 8, 1954, plaintiff filed his petition, and on July 10, 1954, filed his amended petition for divorce in the Wyoming court which had jurisdiction of the subject matter; that in both said petitions plaintiff alleged that during their marriage plaintiff and defendant had acquired described personal property and a home in North Platte, Nebraska, which home is the property here involved; and plaintiff prayed for an equitable division of said property. In that connection, defendant's answer and cross-petition filed in the Wyoming court also alleged that during their marriage plaintiff and defendant had acquired said described property, set forth encumbrances thereon, and prayed for an equitable division of said property.

Also, defendant's amended answer and cross-petition filed herein alleged that plaintiff took no appeal from said Wyoming decree, which, based on said pleadings and evidence, had granted defendant an absolute divorce, division of property, and other equitable relief; that said decree had become final and res judicata; that plaintiff was now estopped to deny that said decree was void and of no force and effect as now claimed by him; and that by reason of said proceedings and plaintiff's conduct and actions in connection therewith, he was without equity in the case at bar. Defendant then alleged that the district court for Lincoln County had jurisdiction of the whole matter, and if the district court for Lincoln County found otherwise than as heretofore alleged by defendant, said court should redetermine the question of division of the property and alimony for defendant in connection therewith. Defendant further alleged that she was destitute and in poor health; and that plaintiff had failed to make the child support payments as ordered by the Wyoming decree, and had fallen

in arrears about $800, which necessitated that defendant employ attorneys for the purpose of attempting to collect same. Defendant's prayer was for dismissal of plaintiff's amended petition; the rendition of a decree finding that plaintiff was without equity and was estopped to deny that the Wyoming court was without jurisdiction to award the property involved to defendant; a determination that said court's finding of ownership thereof and rights therein by defendant was res judicata, conclusive, and binding on plaintiff; and the quieting of title in defendant to any interest in the property claimed by plaintiff. In the alternative, defendant prayed for a redetermination of the question of division of the property and alimony for defendant, and an award to her of absolute title to the property, together with allowance of a reasonable sum for attorney's fees and costs. Defendant further prayed for general equitable relief.

Plaintiff's reply thereto admitted that the Wyoming court's decree attached to defendant's answer and cross-petition was a correct copy thereof, but otherwise denied generally. A guardian ad litem was duly appointed for the three minor children named as defendants by plaintiff, and such guardian ad litem filed an answer, denying generally and requesting that plaintiff be placed upon strict proof. Plaintiff's reply thereto was a general denial.

After a hearing on the merits, the trial court's decree found and adjudged that plaintiff was without equity; that he was not entitled to quiet title to his interest in the property as against the Wyoming decree; and dismissed his petition. On the other hand, it found and adjudged that defendant's cross-petition should be and was dismissed for the reason that the Wyoming court was without jurisdiction to directly affect title to the property and that the award of the property to defendant as made was not res judicata and binding on the Nebraska court. The decree also found and adjudged that

such part of defendant's cross-petition as prayed for alternative relief in the nature of a redetermination of division of the property and allowance of alimony to defendant was not germane to plaintiff's alleged cause of action, and should be and was dismissed. Costs, including an allowance of $100 as a guardian ad litem fee, were taxed to plaintiff.

Thereafter separate motions for new trial filed by plaintiff and defendant were each overruled, whereupon plaintiff appealed, and defendants cross-appealed. In his appeal, plaintiff assigned in substance that the judgment of the trial court was not sustained by the evidence but was contrary thereto and contrary to law. We do not sustain plaintiff's assignment except as hereinafter set forth. On the other hand, defendants in their cross-appeal assigned in substance that the trial court erred: (1) In dismissing defendant Ruth Weesner's cross-petition and refusing to grant either of the alternative forms of relief prayed for; and (2) in not granting her a reasonable allowance for attorney's fees. We sustain defendants' first assignment on cross-appeal to the extent hereinafter set forth. However, we do not sustain defendants' second assignment. We so conclude because a division of the property and a redetermination of alimony as sought alternatively by defendant in her cross-petition was not germane to plaintiff's original action to quiet title. It was beyond the requirements of a complete adjudication upon the subject matter of said original action, and was not necessary for the court to consider in deciding the questions raised therein in order to do complete justice between the parties with respect to said cause of action on which plaintiff demanded relief. See, O'Shea v. O'Shea, 143 Neb. 843, 11 N. W. 2d 540; Higgins v. Vandeveer, 85 Neb. 89, 122 N. W. 843.

Also, the Wyoming court had jurisdiction of the parties, the divorce controversy, and all that pertained to it, including an award in lieu of alimony to defend-

ant. If once decided in a final valid personam decree, the same claim or demand for division of the property and alimony cannot generally be relitigated in another action between the parties in this state because of the application of the principle that determines the estoppel of judgments which are res judicata. In other words, as claimed by plaintiff, the Wyoming court had no jurisdiction and authority to directly affect and determine the title to the property in North Platte, Nebraska. However, it did have jurisdiction and authority under the circumstances presented here, to render any personam order it might make in lieu of alimony, such as an order that plaintiff make, execute, and deliver a quitclaim deed to defendant of his interest in the property, which when made and final would be res judicata and binding upon plaintiff and defendant. See, Bates v. Bodie, 245 U. S. 520, 38 S. Ct. 182, 62 L. Ed. 444.

Further, contrary to defendant's contention, her cross-petition seeking suit money and an allowance of attorney's fees was not a proceeding filed "in the original divorce action" wherein the court had "power and authority * * * to award the wife such expenses and reasonable attorneys' fees as were necessary to defend and prosecute such litigation," as was the situation in Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232, and other authorities relied upon by defendant.

The factual situation becomes important here in determining what other remedy should or should not have been awarded in this case. The facts were established without dispute by admissions in the pleadings, stipulations, exhibits offered and received, and the testimony of only one witness called by defendant. The parties were married as heretofore set forth, and the three-named minor children were issue of their marriage. On February 23, 1943, during their marriage, plaintiff and defendant had acquired the described property in North Platte, known as their dwelling house or home, by warranty deed as joint tenants with right

of survivorship, and said deed was recorded in Lincoln County on March 2, 1943. After the parties had moved to Wyoming, and while admittedly residents of Goshen County, Wyoming, plaintiff filed a petition and amended petition for divorce from defendant in the district court for Goshen County, Wyoming, and defendant filed an answer and cross-petition in said proceeding. As heretofore pointed out, plaintiff in his petition and amended petition for divorce, and defendant in her answer and cross-petition thereto, both alleged that the parties owned said described home here involved in North Platte, Nebraska, and other personal property, and prayed that the Wyoming court would make an equitable division thereof. On September 22, 1954, after a hearing on the merits by the Wyoming court, whereat both parties were present with counsel and adduced evidence, that court rendered the decree of divorce heretofore set forth.

In that connection, plaintiff did not make, execute, and deliver a quitclaim deed to defendant of his interest in the property as ordered by the decree of the Wyoming court, despite the fact that in his petitions in said action plaintiff had described the real property here involved and as an inducement for granting of the decree had prayed that said property should be equitably divided between plaintiff and defendant. Thereafter, plaintiff admittedly permitted said decree to become final, then left the jurisdiction of the Wyoming court and returned to the situs of the property and the jurisdiction of the district court for Lincoln County, Nebraska. Also, for almost 3 years after rendition of the decree, plaintiff recognized its validity for all purposes, accepted the benefits and obligations thereof, and performed all other requirements made therein except the execution and delivery of said quitclaim deed to defendant. Only recently, after defendant's answer and cross-petition had been filed, plaintiff made total payments of $835 in order to bring his delinquent child support payments up to date. Defendant had filed the

Wyoming decree and same had been recorded in Lincoln County, Nebraska, on November 16, 1954.

On February 3, 1953, the parties had employed a real estate agent to handle the property involved while they lived in Wyoming, and such property was rented by said agent to another party on February 5, 1953. From that date until right after the Wyoming decree had been rendered on September 22, 1954, the balance of the monthly rentals received by said agent after making monthly loan payments on the property, were remitted to plaintiff. However, ever since such decree has been rendered and up to the time of this trial, May 20, 1958, the balance of each such monthly rentals received has been remitted to defendant by said agent, and plaintiff has never made any claim thereto.

Concededly, a court of one state cannot directly affect or determine the title to real property located in another state. Thus, that part of the Wyoming decree which awarded and attempted to convey the described dwelling house real property in North Platte, Nebraska, to defendant with limitations on the ownership thereof, was void and of no force and effect as claimed by plaintiff. However, plaintiff concedes here that the parties were residents of Goshen County, Wyoming, and were present with counsel in court there which had jurisdiction of the parties and subject matter of the divorce proceeding. Also, plaintiff concedes that the Wyoming decree became final and that the Wyoming court had jurisdiction, power, and authority to determine such part thereof as granted defendant an absolute divorce together with custody of their minor children, allowances for their support, and other equitable relief. Further, plaintiff concedes that so much of said decree as ordered plaintiff to "make, execute, and deliver to the Defendant * * * a Quitclaim Deed of his interest in" the described dwelling house real property in North Platte, Nebraska, was an order in personam and not in rem,

which order the Wyoming court had jurisdiction, power, and authority to make.

However, plaintiff argued, citing and relying upon Fall v. Fall, 75 Neb. 120, 113 N. W. 175, 121 Am. S. R. 767, and Fall v. Eastin, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A. N. S. 924, that only the Wyoming court could compel performance of such personam order to convey, although plaintiff had admittedly failed and refused to make the conveyance and had returned to Nebraska and the situs of the real property involved, and was before the district court for Lincoln County, Nebraska, in this action. We do not agree.

A careful study of Fall v. Fall, *supra,* and Fall v. Eastin, *supra,* discloses that they are the same case and clearly distinguishable from the case at bar upon at least two basic grounds. First, Fall v. Fall, *supra,* decided on rehearing by this court on July 12, 1907, and affirmed in Fall v. Eastin, *supra,* stressed the point that the courts of this state did not at that time have any statutory power and authority to award the real estate of a husband as alimony in a divorce case, and that the courts of this state would not be compelled under the full faith and credit clause of the Constitution of the United States to recognize an award or order such as that at bar contained in the decree of another state which the equity courts of this state could not themselves lawfully render. However, in 1907, that rule of law relied upon by the court was changed by the enactment of what is now section 42-321, R. R. S. 1943. See Bigelow v. Bigelow, 131 Neb. 201, 267 N. W. 409.

Another distinguishable ground is that E. W. Fall, a defendant in Fall v. Fall, *supra,* who had been ordered by a court in the State of Washington in a divorce decree to convey the Nebraska land involved to his wife, Sarah F. Fall, which he had neglected and refused to do, was not served personally and made no appearance in the suit to quiet title to the land brought by his wife in the district court for Hamilton County, Nebraska,

but had even left the State of Washington and was a resident of California. In the case at bar, plaintiff, who was ordered by the Wyoming court to convey his interest in the North Platte home real estate to defendant, had also left the State of Wyoming and had neglected and refused to obey the personam order of the Wyoming court to convey to his wife, but plaintiff herein had not only returned to the situs of the real estate in Nebraska but also was and is before the Nebraska court, having brought this action himself to quiet the title to his interest in the real estate.

In that connection, it is universally held that a court of one state cannot directly affect or determine the title to land in another state. However, it is also now well established that a court of competent jurisdiction in one state with all necessary parties properly before it in an action for divorce, generally has the power and authority to render a decree ordering the execution and delivery of a deed to property in another state in lieu of alimony for the wife. Such an order is personam in character, and when final it is generally res judicata, bringing into operation the doctrine of collateral estoppel. Thus, where all necessary parties are before a competent court in the land situs state, such an order will be given force and effect under the full faith and credit clause of the Constitution of the United States, and same may in a proper case be pleaded as a defense, or as a cause of action to enforce the obligation of the order, if the related public policy of the situs state is in substantial accord with that of the other state. In that connection, the courts of this state will presume that the public policy of the other state with regard to division of the real property in a divorce action is the same as our own, in the absence of a showing to the contrary.

The foregoing conclusions are not only supported by the opinions in Fall v. Fall, *supra,* and Fall v. Eastin, *supra,* but also are supported by many other author-

ities/.of which a few are: Matson v. Matson, 186 Iowa 607, 173 N. W. 127; Mallette v. Scheerer, 164 Wis. 415, 160 N. W. 182; Bailey v. Tully, 242 Wis. 226, 7 N. W. 2d 837, 145 A. L. R. 578; Beebe v. Brownlee, 63 Ohio L. A. 377, 110 N. E. 2d 64; Rozan v. Rozan, 49 Cal. 2d 322, 317 P. 2d 11; Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So. 2d 289; Tolley v. Tolley, 210 Ark. 144, 194 S. W. 2d 687; Greer v. Greer (Tex. Civ. App.), 189 S. W. 2d 104; State ex rel. Long v. Westover, 107 Neb. 593, 186 N. W. 998; Modisett v. Campbell, 144 Neb. 222, 13 N. W. 2d 126. See, also, many authorities collected, cited, and quoted from in 17 Mich. L. Rev. 527; 34 Yale L. J. 591; and 21 U. Chi. L. Rev. 620.

We turn then to the nature of a suit to quiet title. In McCauley v. Ohenstein, 44 Neb. 89, 62 N. W. 232, this court held: "In an action to quiet title, when the plaintiff's title is put in issue by the answer, he is required to establish upon the trial that he is the owner of the legal or equitable title to the property, or has some interest therein, superior to the rights of the defendant, in order to entitle him to the relief demanded."

As reaffirmed in Stratbucker v. Junge, 153 Neb. 885, 46 N. W. 2d 486: "Plaintiff in an action to quiet title has the burden of proof and he must recover upon the strength of his title and not because of any weakness in the title of his adversary."

Also, in Bank of Alma v. Hamilton, 85 Neb. 441, 123 N. W. 458, 133 Am. S. R. 676, which was a suit to quiet title, this court concluded that if a litigant asks affirmative equitable relief, he will be required to do justice himself with regard to any equity arising out of the subject matter of the action in favor of his adversary. In other words, the maxim that "he who seeks equity must do equity," should be applied to suits to quiet title.

In that connection, this court said in Kerr v. McCreary, 84 Neb. 315, 120 N. W. 1117: "The meaning of the maxim invoked is said to be that, 'whatever be the nature of the controversy between two definite parties,

and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded or will admit and provide for, all the equitable rights, claims and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject matter of the controversy.' 1 Pomeroy, Equity Jurisprudence (3d ed.), sec. 385. 'This principle is not confined to any particular kind of equitable rights and remedies, but pervades the entire equity jurisprudence, so far as it is concerned with the administration of equitable remedies.' 1 Pomeroy, Equity Jurisprudence (3d ed.), sec. 388."

Further, in Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658, quoting from Hanson v. Hanson, 78 Neb. 584, 111 N. W. 368, and other authorities, this court said: "'The original petition filed by plaintiff in the "title suit" was for the purpose of quieting all conflicting claims of title in the lands between plaintiff and defendant. It was instituted under the code, which, for the purpose of preventing a multiplicity of suits, has enlarged and expanded the general equity jurisdiction of the district courts, so as to permit an action of this nature at the suit of a plaintiff, whether in possession of the disputed lands or not. The plain intent of the statute is to determine in one cause of action all conflicting claims of all parties to the suit to all the lands in dispute between them. And, when the district court takes jurisdiction of such a cause of action, it takes it with power to do whatever is necessary to a full exercise of its jurisdiction, * * *.' See, also, Tarnow v. Carmichael, 82 Neb. 1, 116 N. W. 1031; Foree v. Stubbs, 41 Neb. 271, 59 N. W. 798; Dolen v. Black, 48 Neb. 688, 67 N. W. 760. In such last-cited case this court held: 'In an action quia timet in this state the question of title between the parties may be fully litigated and determined and a decree rendered assigning the title to the real estate or any part of it to the party entitled thereto.'"

In the light of such rules and the undisputed facts heretofore set forth, it is clear that defendant had a right to file her answer and cross-petition in plaintiff's quiet title action, and that the trial court erred in dismissing defendant's cross-petition and denying the first alternative equitable relief sought by defendant. The denial of any relief to plaintiff was proper in every respect except as heretofore pointed out, because he was without equity and collaterally estopped from denying validity of the Wyoming court's personam order which required him to make, execute, and deliver to defendant a quitclaim deed to his interest in the property involved.

We conclude that the judgment of the trial court denying plaintiff any relief except as aforesaid, should be and hereby is affirmed. On the other hand, the judgment of the trial court dismissing defendant's cross-petition and thereby refusing to recognize and enforce the personam obligations imposed upon plaintiff by the Wyoming decree which required him to execute and deliver a quitclaim deed of his interest in the described dwelling house real property in North Platte, Nebraska, to defendant, should be and hereby is reversed and the cause is remanded with directions to render a judgment either enforcing such order of the Wyoming court or in the alternative by quieting the title in defendant to plaintiff's interest in the property. All costs are taxed to plaintiff, including an allowance of $250 for services of the guardian ad litem in this court, as authorized by section 7-113, R. R. S. 1943. However, such costs shall not include any allowances of attorney's fees for the services of defendant's attorney in the district court or this court.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.