HERMAN STRATBUCKER, APPELLANT, v. HERMAN JUNGE
ET AL., APPELLEES.

46 N. W. 2d 486

Filed March 2, 1951. No. 32917.

*Frost, Peasinger & Meyers,* for appellant.

*Paul J. Garrotto* and *James A. Nanfito,* for appellees.

Heard before SIMMONS, C. J., CARTER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action by appellant against appellees to quiet title in the former to land alleged to have been formed by accretion or reliction or both to his riparian land that was previously non-riparian but became riparian by changes caused by the Missouri River.

Appellant averred that he was the owner in fee of the south 411 feet of the north 444 feet of the northeast quarter of the southwest quarter of Section 36, Township 16 North, Range 13 East of the 6th P. M., in Douglas County, Nebraska, and the accretions thereto, except the right-of-way of the East Omaha Drainage District across the premises; that the Missouri River gradually eroded all land including that owned by appellant north and east of and on the river side of the levee; that since 1934 there has been added to the land of appellant by gradual and imperceptible accretion considerable alluvial deposits; that a correct and specific description of the accretions is: Commencing at a point where the north line of the Missouri River levee intersects the east and west line of Section 36, 438.8 feet east of the northwest corner of the northeast quarter of the southwest quarter of said section, running thence along the

northerly side of the said levee in a southeasterly direction to a point on the north and south center line of the section, 439 feet, more or less, south of the center of the section, thence north on the north and south center line of the section to the southerly bank of the Missouri River, a distance of about 3,500 feet, more or less, thence along the south bank of the river to a point due north of the point of beginning, and thence south to the point of beginning; and that appellees claim some right or title to, interest in, or lien upon the accretion land specifically described, but any title, interest, or lien they have is junior to the title of appellant. He asked that the title to the premises be quieted in him.

Appellees by answer denied all the claims of appellant and stated that the east half of the northwest quarter of Section 36, Township 16 North, Range 13 East of the 6th P. M., in Douglas County, Nebraska, was acquired by the father of Herman Junge on September 14, 1914; that he owned it until his death on August 6, 1917; that by his will he devised it to Herman Junge, and he has since claimed, owned, occupied, and tilled it; and that there has been no gradual and imperceptible accretion of alluvial deposit as claimed by appellant, but any movement of the river or any change thereof was violent, sudden, and perceptible. He asked that the petition of appellant be denied and his action dismissed. The reply was a denial.

The court found generally for appellees and that the premises, the subject of the litigation, was not the result of accretion or reliction, but avulsion, and rendered judgment of dismissal. Motion of appellant for a new trial was denied. This appeal resulted.

The description in the deed to Charles Junge, the father of Herman Junge, is: "The E½ of the N. W. ¼ of Section Thirty Six (36), Township Sixteen (16) North of Range Thirteen (13), Ten (10) acres more or less, the balance in river." The part of the land not eroded or submerged by the river while Charles Junge owned it

and when Herman Junge became the owner of it was estimated as approximately 10 or 15 acres, and the dimensions and location were given as about 600 feet wide north from the south line on the west boundary to the river, and 150 or 200 feet from the south line on the east boundary. The river moved southwesterly or towards the levee and gradually destroyed the 10 acres or what remained of the 80 acres, except about one acre, a triangle in the extreme southwest corner thereof south of the right-of-way of the drainage district. When the river improvement work was commenced, all the land at this location on the north side of the dike or levee had been destroyed or submerged and the channel of the river had moved to and was on the north or river side of the levee or dike of the drainage district. The work was commenced in 1933 or 1934. The river shifted northward or away from the levee or dike about 1935 after the river work was done by the government. There are now 60 or 70 acres of land from the levee or dike northward to the south bank of the river. The process of restoring this area was substantially completed by 1943.

There was conveyed to appellant by deed dated October 31, 1944, the south 411 feet of the north 444 feet of the northeast quarter of the southwest quarter of Section 36, Township 16 North, Range 13 East of the 6th P. M., in Douglas County, Nebraska, and all accretions thereto, except the right-of-way of the East Omaha Drainage District. The north line of the land conveyed by this deed was 33 feet south of the north line of the northeast quarter of the southwest quarter of said Section 36, and 66 feet south of the south line of the east half of the northwest quarter of said Section 36, described in the deed to Charles Junge. The 66 feet was a highway.

The right-of-way of the East Omaha Drainage District was a strip of land 125 feet wide extending from the northwest to the southeast across the Junge premises near the southwest corner thereof and across the Stratbucker premises from about 438.8 feet east of the north-

west corner thereof to about 439 feet south of the center of the section, with 37½ feet on the southerly side of and 87½ feet on the northerly side of the center line of the levee located and constructed on the right-of-way.

All of the land conveyed to appellant north of or on the river side of the levee or dike was destroyed or submerged by the Missouri River, and the channel of the river from 1925 to 1935 was along and adjacent to the north or river side of the levee, and was not in contact with or adjacent to the land of appellant or any part of it. While the south boundary of the river was the north side of the levee, the northerly boundary of the part of the land of appellant opposite the area involved herein was the southerly line of the right-of-way of the East Omaha Drainage District. That is, the northerly boundary of the land of appellant was 37½ feet plus the distance from the center line of the dike to the north line thereof from the most southerly part of the water of the river. The evidence, and in fact the entire record, is in substantial agreement that the land of appellant or any part of it was never riparian land. His petition directly and definitely alleges that the southerly boundary of the accretion land, the title to which he seeks to have quieted in him, is "along the Northerly side of said Missouri River Levee." The evidence strongly preponderates in support of this allegation. This deficiency is disastrous to the case of appellant. The basis of the riparian doctrine, and an indispensable requisite of it, is actual contact of the land and the water. Proximity or closeness short of contact is unavailing. The right to acquisition through an accession or reliction is one of the riparian rights.

In Crawford Co. v. Hathaway, 67 Neb. 325, 93 N. W. 781, 60 L. R. A. 889, 108 Am. S. R. 647, it is said: "Land, to be riparian, must have the stream flowing over it or along its borders." See, also, McGinley v. Platte Valley Public Power & Irrigation Dist., 132 Neb. 292, 271 N. W. 864, on rehearing, 133 Neb. 420, 275 N. W.

593. Restatement, Torts, § 843, p. 327, comment d, is as follows: "Land is riparian by virtue of the fact that it is so located in respect to a watercourse or lake that the possessor of it has lawful access to the water for his private use. The mere fact that a parcel of land is close by or adjacent to the water does not make that land riparian when the water itself is on another's land, for in such case there is no access to the water, for private use at least, without intruding on the land on which the water lies. * * *" See, also, Hilt v. Weber, 252 Mich. 198, 233 N. W. 159, 71 A. L. R. 1238; Mobile Dry Docks Co. v. City of Mobile, 146 Ala. 198, 40 So. 205, 3 L. R. A. N. S. 822; Illinois Central Railroad v. Illinois, 146 U. S. 387, 36 L. Ed. 1018, 13 S. Ct. 110; Kingsley v. Jacobs, 174 Or. 514, 149 P. 2d 950; Annotation, Ann. Cas. 1913E 709; 56 Am. Jur., Waters, § 277, p. 731.

The burden of proof was on appellant. He has failed to sustain it. He could recover only upon the strength of the title asserted by him and not because of any defect or weakness in the status of appellees in relation to the subject of the litigation. Stull v. Goold, 96 Neb. 263, 147 N. W. 468. A wrong reason for a correct conclusion does not militate against the decision.

The judgment of the district court should be, and is affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.