ROMA LOVE, APPELLANT, V. HOWARD C. PARK ET AL., APPELLEES.

FILED APRIL 3, 1914.   No. 17,556.

**Equity:** SUIT TO RECOVER PLEDGE: RELIEF. In an independent suit in equity for affirmative relief, restoring to plaintiff corporate stock legally pledged as security for a debt, and quieting his title to the pledged property, on the ground that the lien of the pledge has been extinguished by a rejected tender of the amount due pledgee, payment of the debt may be made a condition of granting the relief sought by plaintiff.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Courtright & Sidner,* for appellant.

*George L. Loomis* and *H. C. Maynard, contra.*

Rose, J.

This is a suit in equity to restore to plaintiff, free from the lien of a pledge, 63 shares of corporate stock, of the par value of $100 each, issued in a single certificate by the Fremont Milling Company, defendant, a Nebraska corporation. When plaintiff was the owner of the stock, it was pledged to secure a note for $2,500, executed May 2, 1910, and payable to Howard C. Park, defendant, at the Central National Bank of Columbus, Ohio. The makers of the note are Fred C. Kingsbury and Para Love Kingsbury his wife. The latter is plaintiff's sister, and all three live together at Columbus, Ohio. Fred C. Kingsbury previously owed the Central National Bank $8,850, which he was unable to pay. In that situation he procured from Park, individually, an additional loan, for which the note described was given. Plaintiff did not sign it or personally obligate herself to pay the debt, but she indorsed her stock certificate in blank and delivered it to Kingsbury, who pledged it to Park. Plaintiff bases her right to restoration of her stock, free from incumbrance, on a rejected tender to Park of the amount due him individually. That plaintiff tendered to him $2,500 and accrued interest is not disputed. She relies for a recovery on the principle that the lien of a pledge is extinguished by a rejected tender of the amount due pledgee on the debt secured. Pledgee interposed the defenses that plaintiff's stock was pledged to secure the indebtedness due from Kingsbury to the bank, as well as that to Park; that the latter had no right to accept the tender or to perform any other act obligating him to surrender the pledged certificate of stock without protecting the lien of the bank, and that plaintiff is not entitled to affirmative equitable relief without paying the debt secured by the pledge. During the conference in regard to the tender, the lien of the bank was discussed. On the issue of a pledge to the bank, the evidence is conflicting. Plaintiff said she never authorized Kingsbury to pledge her stock to the bank, and he testified that he never did so. On the other hand, plaintiff indorsed her certificate in blank and committed it to Kingsbury for delivery to Park.

In testifying to the conditions under which Kingsbury procured the loan of $2,500, Park said: "I refused to loan him the money as cashier of the bank. He then asked if I couldn't secure it for him personally. This I attempted to do, but was unable to do so. He then stated that Miss Love had some stock of the Fremont Milling Company which she would permit him to use as collateral. I stated to him that the only way I could secure the loan would be to put up collateral of my own and make a personal matter of it. He stated that, if I would do that and secure the money for him, the excess of the Love stock as collateral should be retained by the bank as collateral to their loans, for which he had been demanding payment. By their loans I mean the loans of Mr. Kingsbury and his wife from the Central National Bank, which then approximated $8,850. I secured information regarding the value of the stock, which was given as worth from $125 to $140 per share. I then loaned Mr. Kingsbury the $2,500, taking a note made payable to myself and signed by himself and wife, with the certificate of stock in the Fremont Milling Company as collateral, in keeping with our previous conversation, as just stated."

The trial court found that Kingsbury had no authority to pledge the stock for any purpose except to secure his debt of $2,500 to Park, and that plaintiff was the owner of the certificate, subject to pledgee's lien for that amount and interest. By the decree restoration of the stock to plaintiff and the quieting of title in her were made conditional upon payment of Kingsbury's indebtedness to Park. Plaintiff has appealed.

In reply to the plea that the lien of the pledge was extinguished by the rejected tender, Park's rejoinder is: The decree in equity is justified by the maxim, "He who seeks equity must do equity." In determining this question, the reasons given by the trial court for the conclusion reached below are immaterial. By the pleadings, the proofs and the tender, plaintiff established the validity of the pledge to Park to secure Kingsbury's note for $2,500, when it was made. The tender has not been kept good. The secured

debt has not been paid. There is now no offer to pay into court or to Park the amount tendered. It is undisputed that the loan to Kingsbury could not have been procured without the pledge. Since plaintiff, in a suit instituted by herself, is in a court of equity affirmatively seeking the quieting of her title to the pledged stock, under the technical rule of law that the lien of a pledge is extinguished by a rejected tender, may the conscience of the chancellor, under the circumstances narrated, respond to the promptings of equity? In discussing the maxim that "he who seeks equity must do equity," an eminent text-writer says: "It may be applied, in fact, in every kind of litigation and to every species of remedy." 1 Pomeroy, Equity Jurisprudence (3d ed.) sec. 385. This maxim has been applied in a suit to quiet title to land by removing the cloud of an expired mortgage lien, such affirmative, equitable relief having been granted only upon payment of the outlawed debt. *Kerr v. McCreary*, 84 Neb. 315; *Bank of Alma v. Hamilton*, 85 Neb. 441; *Bell v. Dingwell*, 91 Neb. 699. The doctrine has also been applied to a pledge of corporate stock. *Assignee of Savings Bank of Louisville v. Grand Lodge*, 5 Ky. Law Rep. 328.

The conclusion is that the decree, in requiring payment of the indebtedness to Park as a condition of granting to plaintiff affirmative relief, responds to the demands of equity. For that reason, it is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.