Home Lumber Co. v. Gunderson.

---

HOME LUMBER COMPANY, APPELLEE, v. CHARLES GUNDERSON ET AL., APPELLANTS.

FILED MARCH 27, 1923.  No. 22297.

Mechanics' Liens: SUFFICIENCY OF EVIDENCE. Evidence outlined in opinion *held* sufficient to establish a lien on leased premises for materials ordered by a tenant for permanent improvements.

APPEAL from the district court for Cheyenne county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. P. Miles* and *Halligan, Beatty & Halligan,* for appellants.

*Radcliffe & Hyde, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., RAPER and TROUP, District Judges.

ROSE, J.

This is a suit to foreclose a lien for materials used in the construction of a concrete addition to a brick building on lot 5, block 2, in the town of Potter. Plaintiff furnished the materials. The amount of plaintiff's claim is $722.75, with interest. Defendants Charles Gunderson and Gustav Gunderson are owners of the lot on which the materialmen's lien was filed. The wife of each is joined as a defendant. The claim was resisted on the ground that defendants did not order or purchase the building materials or otherwise become indebted to plaintiff therefor. Upon a trial of the issues the district court rendered a decree in favor of

plaintiff May 17, 1921, for $801.15 including interest, and ordered a foreclosure of the lien. Defendants have appealed.

It is argued that plaintiff has no valid lien on the lot; that the materials in question were ordered and used by a lessee who had no authority to obligate defendants for the payment of an indebtedness thus incurred or to incumber the leased premises; that there is no evidence of any agreement or conduct on the part of defendants which subjects their lot to a lien in favor of plaintiff; that therefore the decree of foreclosure is erroneous. Are these proper deductions from the evidence and the law applicable to the facts?

When Charles Gunderson, defendant, was sole owner of the fee, December 12, 1918, he leased the lot to J. F. De Lair for a term of years at a monthly rental of $32.50. There was then a brick building on the lot. Under the lease De Lair and A. E. Buckley, as partners, used the leased premises for a garage and repair shop. Between February 24, 1919, and April 28, 1919, a concrete addition to the brick building was constructed with materials furnished by plaintiff, the charges for the items aggregating $722.75. Not long after the improvements were made De Lair and Buckley left the country and defendants took possession of the leased premises.

There is evidence tending to prove the following facts: The lessor, under a clause of the lease, granted to lessee the privilege of constructing a building in addition to the one already on the lot. De Lair and Buckley took to the office of plaintiff, a corporation dealing in building materials at Potter, a list of the materials desired. At different times while they were in plaintiff's office Charles Gunderson was there discussing the proposed building. The estimates for the materials were made for Gunderson and Buckley. The delivery slips and the book entries of plaintiff show Gunderson and Buckley to be the purchasers. Charles

Gunderson authorized them to apply the monthly rentals on plaintiff's bill and never refused payment until after De Lair left Potter. The first plaintiff knew of Charles Gunderson's denial of liability was his refusal to sign a note for the amount due, saying he wanted to impress lessee with the latter's responsibility, and assuring plaintiff it need have no concern about eventually getting its money. Charles Gunderson paid the contractor for the labor of the workmen. The materials furnished by plaintiff were used on the lot and defendants accepted the benefits of the improvements. The entrance to the brick building was through the addition constructed with the materials furnished by plaintiff. The concrete building does not indicate a temporary structure erected by tenants with a view to its removal upon the expiration of the tenancy. These facts and conclusions seem to be proper deductions from the evidence in view of the surrounding circumstances, though there is other proof of a different import.

If the evidence does not justify a finding that Charles Gunderson was a party to the purchase of the materials, as argued by defendants, it proves that he ratified the transactions of his tenants in making permanent improvements on his lot. In his lease he authorized the construction of the building. He permitted the tenants to order the materials in his presence under circumstances implying his consent. He directed his tenants to pay the bills with the rentals—his own funds. He took whatever rights his tenants had acquired under his tenancy. He paid the contractor for the labor of the workmen who constructed the addition and took the benefit of the materials and labor in the form of the permanent improvements. Such conduct, in connection with the other facts and circumstances outlined, amounts to a ratification which subjects the lot and the improvements to a lien in favor of plaintiff. The decree of foreclosure responds to the demands of equity

and justice. The pleadings and proof show that defendant Gustav Gunderson acquired his undivided half interest in the lot subject to the equities of plaintiff. No prejudicial error has been found in the record.

AFFIRMED.