HERMAN KRUGER, APPELLEE, v. SAMUEL I. BLOCK ET AL., APPELLANTS.

FILED NOVEMBER 19, 1926.    No. 23991.

1. **Equity.** The maxim, "He who seeks equity must do equity," is applicable in an action to set aside a deed obtained by fraud or imposition practiced upon a person of weak mentality.

2. **Deeds:** SETTING ASIDE. Before a court of equity will set aside a deed obtained by fraud or imposition practiced upon a person

of weak mentality, it will require, so far as possible, a return of the purchase money paid and will make such other order as will place the purchaser in substantially the same condition as he was at the time the deed was made.

3. ——: ——: IMPROVEMENTS. In an action to set aside a deed obtained by fraud practiced upon a person of weak mentality, where it appears that the grantee, while in possession, has made improvements upon the real estate, a court of equity, as a condition to setting aside the deed, will require reimbursement for the improvements to the extent only that they have enhanced the value of the real estate.

APPEAL from the district court for Dodge county: FRED-ERICK W. BUTTON, JUDGE. *Affirmed as modified.*

*Courtright, Sidner, Lee & Gunderson,* for appellants.

*Dolezal, Spear, Mapes & Stevens* and *E. H. Mahlin, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Herman Kruger, incompetent, by his guardian, prosecutes this action to cancel and set aside a deed, executed by him prior to the time he was placed under guardianship, and whereby he conveyed to defendant Samuel I. Block a lot, with a three-story brick business building thereon, situate in the city of Fremont, Nebraska. Plaintiff also prays for an accounting for the rents and profits from the building during the time that Block has been in possession under the deed.

Plaintiff's cause of action is grounded on his alleged mental incompetency, and fraud practiced by Block in obtaining the conveyance. There were two transactions between the parties. In the first Kruger conveyed to Block the lot and business building above mentioned, subject to a mortgage of $16,500, and Block, as a consideration therefor, conveyed to Kruger 160 acres of land in Dodge county, Nebraska, subject to a mortgage of $12,000. In the second transaction, for a consideration of $5,500 and assumption

of the $12,000 mortgage, Kruger reconveyed the farm to Block.

In their answer defendants Block and wife deny fraud and the incompetency of plaintiff, but offer to rescind the second transaction and reconvey the farm to Kruger upon a return of the $5,500, with interest, and some rentals collected from the farm by Kruger. They further aver that after taking possession of the building and lot in Fremont they placed improvements thereon, consisting of painting, plumbing, carpenter work, decorating, electric fixtures, repairing furnace, and other items, aggregating $1,139.41. They also allege that they had paid and discharged the $16,-500 mortgage and accrued interest thereon. The affirmative matter in the answer is denied in a reply.

Trial resulted in a finding that plaintiff was incompetent; that the deed to the Fremont property had been obtained by fraud; that plaintiff was entitled to have his deed canceled and his property restored to him, and entitled to have an accounting for the rents and profits. The court further found that the rents for the period amounted to $7,974, but that defendants were entitled to deduct therefrom expenses for improvements, taxes, interest, insurance, and other items, aggregating $4,649.68, and charged defendants with net rentals, amounting to $3,324.32. The court further found that Kruger had collected rents from the farm, amounting to $84; that this sum, together with the $5,500 and interest, should be restored to defendants, and that defendants were entitled to be reimbursed for the interest paid upon the $16,500 mortgage, and were entitled to have such mortgage reinstated in favor of defendants, upon the same terms and conditions as the mortgage which had been paid and discharged. The net amount found to be due from plaintiff to defendants was $2,839.75, which should be paid within 20 days, and it was further adjudged that the decree should operate as a mortgage of $16,500 from plaintiff to defendants, bearing interest at the same rate and payable at the same time as the mortgage upon the property which

defendant Block had paid. Defendants appealed, and plaintiff has filed a cross-appeal.

Heretofore the case was submitted in this court, and the judgment of the district court was affirmed without an opinion. The matter is now before us upon a motion for a rehearing, filed by plaintiff, in which he strenuously contends that, since Block obtained the plaintiff's property by actual fraud, plaintiff should not be required to place defendants *in statu quo* as a condition to the relief demanded. Plaintiff urges that, since Block voluntarily paid and discharged the liens on the property before they were due, and voluntarily put the improvements upon the property for which he demands recompense, he is not entitled to be reimbursed for those items. Plaintiff, however, seems to concede that defendants are entitled to the return of the $5,500 purchase money received from defendant Block in the second transaction, and that plaintiff should also account for $84 of rent received from the farm while in possession thereof.

Plaintiff relies upon the case of *Goble v. O'Connor*, 43 Neb. 49, as sustaining his position. In that case it was held: "A bidder at a judicial sale of real estate induced another bidder thereat to cease bidding, by the promise to pay him a sum of money for so doing, and by this means procured the real estate to be sold to him for a less sum than would otherwise have been realized from its sale. Held, that the sale was fraudulent and invalid and the purchaser obtained no title thereby or by the deed executed and delivered to him in pursuance thereof as against parties whose interests were defrauded; and the property may be recovered in an action for such purpose, by the parties entitled thereto, and they will not be required to repay to him such portions of the purchase price paid by him as were expended to discharge mortgage or other liens and incumbrances from the property existing thereon at the time of the sale, including the lien under which such sale was made, or other moneys expended by him on the property or its title."

We do not think, however, that the case just cited sustains plaintiff's contention. In that case, it was not the deed of the plaintiff's which was sought to be canceled, but a void sheriff's deed, executed pursuant to a judicial sale. In the instant case, plaintiff comes into a court of equity seeking to be relieved from his own act and to have his own deed canceled and set aside. It is a general rule that the deed of an incompetent, or one obtained from grantor by fraud, is not void, but voidable. In this case it was necessary for the plaintiff to come into a court of equity, seeking its aid to be relieved from his own act. It may be further remarked that the fraud disclosed by the record in this case does not consist in any false statements or representations made by Block, but in his taking advantage of a mental incompetent, to obtain his property for much less than its actual value.

Under the facts as they exist in this case, the rule applicable is that plaintiff must restore whatever he has received and, so far as possible, place the defendants *in statu quo* as a condition to obtaining the relief demanded. The rule was properly stated in *Overton v. Sack*, 99 Neb. 64, as follows: "Before a court of equity will set aside a deed obtained by fraud, or imposition, practiced upon a person of weak mentality, it will require a return of the purchase money paid, or, if that cannot be done, will make such other order as will place the purchaser in substantially the same condition as he was in at the time the deed was made."

In *Blondel v. Bolander*, 80 Neb. 531, it was held: "Where, in a suit to enforce a contract by a plaintiff who has obtained the same by means of sharp, unconscionable and fraudulent practices, the defendants claim as affirmative relief an accounting for rents received by the plaintiff, the maxim, 'He who seeks equity must do equity,' may be applied, and there may be deducted from the amount otherwise due the defendants for such rents the amount of money expended by the plaintiff in their behalf and the reasonable value of his services performed for their benefit."

However, an examination of the record in the instant case

discloses that the trial court found that defendants should account for rents from the property in Fremont to the amount of $7,974, and permitted defendants to deduct therefrom items of expense, taxes, interest, insurance, and improvements, amounting to $4,649.68. We are unable to determine from the record what specific items disclosed by the evidence went to make up this latter amount. The total of the items of expense and for improvements, claimed by defendants, was $4,980.46. Since the court allowed $4,-649.68, it is apparent that it allowed all items claimed by the defendant, except in the sum of $330.78. Since the total items of the improvements claimed amounted to $1,139.41, it is apparent that the court must have allowed at least $808.63 for improvements placed upon the property by Block. While these improvements may have cost Block that amount, yet the plaintiff is not chargeable with such items, except to the extent that they have enhanced the value of the property. In this respect, the record is barren of proof that the property was enhanced in value, by reason of the improvements, to the extent of a single penny. Under the circumstances, we think that defendants should not be allowed anything for the item of improvements. It necessarily follows that, as a condition to the cancelation of the deed, plaintiff should be required to pay to defendants $2,031.12, instead of $2,839.75.

The former judgment of affirmance is vacated, and the judgment of the district court, accordingly, will be and is hereby modified so as to require the plaintiff to pay to the defendants, within 60 days, the sum of $2,031.12, together with interest thereon at the rate of 7 per cent. per annum from the 20th day of November, 1923, the date of the original decree, and, as thus modified, the judgment of the court is affirmed.

AFFIRMED AS MODIFIED.