HENRY HAWKINS, APPELLEE, v. W. E. MULLEN ET AL., APPELLANTS: WILFRID J. FLEMING, CROSS-APPELLANT.

FILED FEBRUARY 28, 1929. No. 26310.

*Hollister & Cunningham,* for appellant Fleming and others.

*Fay H. Pollock,* for appellant Farmers Union Cooperative Association.

*Adolph E. Wenke* and *Zacek & Nicholson,* for appellee Hawkins.

Heard before GOSS, C. J., ROSE, DEAN and DAY, JJ., and BEGLEY and RAPER, District Judges.

BEGLEY, District Judge.

This is an action to quiet title to a certain 440 acres of land in Stanton county, Nebraska, brought by the appellee against the two appellants and others. In his petition appellee claimed to be the owner of the land in question, and alleged that the appellant Farmers Union Cooperative Association had filed a mechanic's lien upon the same for an indebtedness for which the appellee was not liable, and alleged that the grantor of the appellant, Wilfrid J. Flem-

ing, had caused to be made and filed for record a deed purporting to convey the title to said premises, and alleged that the several acts of the appellants cast clouds upon the title of appellee, and he prayed that his title be quieted.

To the petition, appellant Farmers Union Cooperative Association filed an answer and cross-petition, alleging that one John A. Parsons, a son-in-law of appellee, had entered into an oral agreement with appellee for the purchase of said land; that said Parsons went into possession of the property as such vendée and began to improve and repair same, with the knowledge of appellee, and that appellee had ratified and approved the acts of said Parsons and was estopped to deny the validity of said lien, and prayed that the amount due be decreed to be a lien upon said premises, and for the foreclosure thereof. To this answer and cross-petition appellee filed a general denial.

Appellant Wilfrid J. Fleming answered, and alleged by way of cross-petition that in the year 1923 his mother, Margaret Fleming, had entered into an oral contract for the purchase of the land, with the appellee, and had paid appellee thereon the sum of $9,500, and by virtue of conveyances from said Margaret Fleming, appellant had become possessed of all her right, title and interest in said premises, and prayed for specific performance of said oral contract. To this answer and cross-petition appellee filed a reply, admitting the oral contract, but alleging that appellant had failed to fulfill or complete same, and because of such failure to perform the appellee had duly declared forfeited the payments made.

The trial court found for the appellee and against the appellants, dismissing their cross-petitions and quieting title to the premises in appellee as prayed. Appellants have appealed.

As to the claim of appellant Farmers Union Cooperative Association, the evidence discloses that John A. Parsons married the daughter of Henry Hawkins, appellee, on October 25, 1925. Henry Hawkins then lived at Peetz, Colorado, and owned the farm in question, which was then

being operated by his son, Sidney Hawkins, as tenant. Parsons claimed to be the beneficiary under a will for a large sum of money. He conceived the idea of purchasing the Hawkins land near Pilger and went to the place and discussed the need of repairs thereon with the son, Sidney. He then consulted a contractor as to costs, and then visited his father-in-law at Peetz, where Parsons claims to have entered into an oral agreement for the purchase of the premises from Hawkins for the sum of $47,000, Parsons to pay $35,000 cash and assume a mortgage of $12,000. No definite time for the payment of the money was fixed, but it was assumed that Parsons would get his inheritance on or about July 1. Parsons also discussed the matter of the repairs and improvements he contemplated making upon the premises with Hawkins, who admitted they were necessary and directed him to go ahead with the work. Parsons thereupon wired the contractor at Pilger to proceed with the improvements and wrote the son to the same effect. Parsons and wife then returned to the farm, took active charge of the place as owners, ordered material from the appellant, which was furnished in the sum of $3,035.35. He was assisted in securing the material and its delivery, and in the farming, by Sidney Hawkins, who boarded with him and his wife. A notice appeared in the Pilger paper, to which Henry Hawkins was a subscriber, stating that Parsons had purchased the place and was making the repairs and improvements thereon. Mrs. Parsons wrote her parents at Peetz, informing them of the progress of the improvements. On or about June 8, 1926, Parsons was arrested by federal authorities on some charge relating to his claim to the estate, and upon reading of it in the newspapers Hawkins wired Rogers, the contractor in charge of improvements, to stop work until he arrived. Work was stopped and Hawkins arrived the next day. After a conference with Parsons, he instructed Rogers that he believed that Parsons was all right and that he would get his money, and instructed him to go ahead and finish up the work he had started. The work was resumed and

completed. Thereafter Hawkins lost confidence in Parsons and excluded him from the farm. Appellants filed a mechanic's lien in due season for the amount of the materials furnished.

Parsons' agreement with Hawkins was not such as he could enforce by specific performance. In fact, Hawkins denies any such agreement, and never recognized Parsons as owner of the premises, and there was no forfeiture declared. For the purpose of this case, it is immaterial whether Parsons was the vendee in possession or a tenant. Hawkins put him in possession of his farm. He had knowledge of the improvements. He cooperated with Parsons in making them. He acquiesced in and authorized the same to be done. He exercised authority over the work by stopping the same and then ordering it continued. He has received the benefit of same and is now estopped to deny liability. To hold that he could accept the benefits and deny liability therefor under the circumstances in this case would be to open an easy door to collusion or fraud at the expense of dealers in building materials. *Home Lumber Co. v. Gunderson,* 110 Neb. 31; *Harte v. Shukert,* 94 Neb. 210; *Guiou v. Ryckman,* 77 Neb. 833; *Bohn Mfg. Co. v. Kountze,* 30 Neb. 719.

As to the claim of appellant Wilfrid J. Fleming, the evidence discloses that Margaret Fleming, formerly owned the premises, and Henry Hawkins held a mortgage lien thereon which was foreclosed, and Hawkins purchased the premises at foreclosure sale for $42,612.66, being the amount of liens and costs against it. Hawkins then orally agreed with Margaret Fleming that he would deed her the premises if she would pay him the amount of his bid, payable $2,000 cash and balance in 30 days. The $2,000 was paid and the balance of the money was not forthcoming at the end of 30 days. The parties then agreed that if Mrs. Fleming would pay Hawkins an additional $7,500 she would be given additional time to raise the balance. The $7,500 was paid and Mrs. Fleming did not complete arrangements for the payment of the balance until after Hawkins had noti-

fied her that he elected to declare the contract at an end and her payments forfeited. She then arranged to finance the transaction and presented a letter from the Wisner State Bank with directions to draw the balance due, plus taxes paid, less reasonable rental value for the time Hawkins was in possession. Hawkins did not draw for said amount, but kept the amount paid, and thereafter Mrs. Fleming, by quitclaim deed, conveyed the property to a third person, and he to her son, Wilfrid J. Fleming, said quitclaim deed being recorded after the filing of the mechanic's lien above mentioned. At the close of the appellant's testimony, the trial court dismissed the appellant's cross-petition and entered a decree in favor of appellee on this branch of the case.

Under the evidence the appellant made a *prima facie* case, showing that his grantor had paid $9,500 on said contract to the appellee. The appellant Fleming is not entitled to a decree of specific performance of the contract because of his failure to complete the payments within a reasonable time after notice of forfeiture. The question to be determined, then, is whether said appellant is entitled to a return of the purchase money paid where the appellee has declared a forfeiture of the contract, and, if so, can he obtain such relief in this action. The cases relied upon by appellee to prevent a return of the purchase money paid are cases where the contract itself provides the methods of fixing the rights of the parties, or where there is an abandonment, or declaration of forfeiture by the purchaser, or where time is made the essence of the contract, or where the parties have mutually agreed to a forfeiture, none of which conditions appear in the present case. The present contract was the result of a generous impulse of Hawkins to give a failing debtor an opportunity to redeem his home. Neither party intended that Mrs. Fleming should become more deeply involved, or that she would lose her deposits by way of forfeiture. The contract was oral and informal, with no conditions attached. The rule is that, under such conditions, the appellant was entitled to

return of the purchase money paid, upon the recission of the contract by the appellee. It would be inequitable and unreasonable to permit the appellee to retain the property and the fruits of his occupation thereof, and also the money paid by the Flemings. *Lowry v. Robinson,* 3 Neb. (Unof.) 145; 39 Cyc. 1378; *Frederick v. Davis,* 133 Ia. 362; *Waters v. Pearson,* 163 Ia. 391; *Loff v. Gibbert,* 39 N. Dak. 181.

The appellee contends that, even though the appellant might be entitled to a return of the purchase money paid, it cannot be recovered in this action, but that he is relegated to his remedy at law, and this was the holding of the trial court. In this case the appellee prayed to have the quitclaim deed canceled, and appellant claimed the deed was in fact an equitable mortgage representing the amount of money advanced toward the purchase price of the property. The court having taken jurisdiction on this issue could retain it to do full justice between the parties. There is another axiom in equity that he who seeks equity must do equity. The appellee has brought an action to quiet title by having a quitclaim deed canceled as a cloud upon his title. He comes into a court of conscience, and will not be allowed unconscionable relief, nor relief otherwise than under condition that he do equity upon his part. This rule will aid a defendant, even if he could not have secured equitable relief had he been the plaintiff seeking such relief. 1 Pomeroy, Equity Jurisprudence (4th ed.) secs. 386-388; *Taylor v. Rawlins,* 86 Fla. 279, also reported in 35 A. L. R. 271, with note. The court therefore erred in not decreeing that appellant was entitled to a return of the amount of the purchase price paid, as a condition of appellee's having the deed canceled. As the forfeiture is admitted, there is no further proof necessary on appellee's reply.

The judgment is reversed and cause remanded, with directions to the trial court to ascertain the amount due on the Farmers Union Cooperative Association mechanic's lien, and to decree the same to be a first lien upon the premises, and award foreclosure thereof; and to enter a finding that

the appellant Fleming is entitled to the repayment of the sum of $9,500 paid on the purchase price under the oral contract, together with interest thereon at the rate of 7 per cent. per annum from the date of the forfeiture of said contract by appellee, as a condition for the cancelation of the quitclaim deed, and that, in default of such payment by appellee, the said deed stand as a second lien on said lands for the payment of said amount, and that said appellant have foreclosure thereof.

REVERSED.