AMELIA GNUSE ET AL., APPELLEES, v. MELVIN C. GARRETT ET AL., APPELLANTS: BEACH HINMAN ET AL., APPELLEES.

FILED JUNE 7, 1935. No. 29237.

*Abbott, Dunlap & Corbett,* for appellants.

*Courtright, Sidner, Lee & Gunderson* and *E. L. Mahlin,* contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

ROSE, J.

This is a suit in equity by Amelia Gnuse and August Gnuse, plaintiffs, to cancel a deed purporting to convey from them to Melvin C. Garrett and Elsie Garrett, defendants, the legal title to 260 acres of land in Washington county on the ground that the deed was procured by fraudulent misrepresentations upon which grantors relied. The deed was dated June 13, 1932, and the land was then encumbered by mortgage to the extent of $19,050.46. Plaintiffs alleged the deed was procured by misrepresentations to the effect that plaintiffs would realize from the transactions $500 at the time and approximately $3,000 in 30 days. Elements of enticing fraud charged were a promise to keep the deed off the record for a time; an option permitting plaintiffs to redeem the land and resell it at a profit; a lease of the premises as a condition of granting plaintiffs the right to remain in possession. The deed included plaintiffs' homestead of 160 acres and was void to that extent because it was acknowledged before Beach Hinman, a notary public, who had an undisclosed interest in the conveyance.

The Garretts, who were named in the deed as grantees, denied the alleged misrepresentations imputed to them, admitted Hinman had an interest in the conveyance, and alleged consummation of the purchase, payment of $1,150 to plaintiffs, delivery of the deed and estoppel of grantors to question its validity.

On motion of grantees, Beach Hinman and Margaret Hinman, his wife, were brought into the case as additional defendants having a property interest involved in the litigation. They first disclaimed any interest in the land de-

scribed in the deed, but later applied for leave to withdraw their disclaimer and plead by answer an interest in the subject-matter of the conveyance.

The facts pleaded by grantees in defense were put in issue by a reply.

Upon a trial of the cause the district court found the issues in favor of plaintiffs, canceled the deed and quieted in grantors title to the land described therein. Defendants appealed.

On appeal defendants argue that the decree below cannot be permitted to stand, because the district court disregarded the maxim that "He who seeks equity must do equity," and canceled the deed without requiring plaintiffs to restore the consideration received by them from grantees. The general theory of the defense seems to be that grantees purchased the 260 acres of land for $100 an acre, or $26,000, and overpaid the purchase price by means of the following payments and credits: Purchase subject to the mortgage indebtedness, $19,050.46; interest paid on mortgage and interest on payment, $668.75; cash paid on delivery of deed, $500; credit by unpaid debt owing to grantees as evidenced by plaintiffs' note secured by a second mortgage on land in Iowa, $4,778.79; other items of interest and taxes, $1,123.39; total, $26,121.39. The evidence tends to prove that, of these enumerated items, plaintiffs received $500 and that the lien of the mortgage on the 260 acres of land was reduced $650 by the payment of interest.

Plaintiffs affirmatively sought relief in equity from the conveyance formally executed by them. Equity required them to do equity as a condition of the relief sought. While seeking affirmative equitable relief, plaintiffs were not entitled to both their land and that portion of the purchase price which they received under the contract of sale. The general rule has been stated as follows:

"If a litigant asks affirmative equitable relief, he will be required to do justice himself with regard to any equity arising out of the subject-matter of the action in favor of

his adversary." *Bank of Alma v. Hamilton,* 85 Neb. 441.

The maxim that "He who seeks equity must do equity" may be applied in all kinds of litigation and to every species of equitable remedies. *Love v. Park,* 95 Neb. 729. See, also, *Kruger v. Block,* 114 Neb. 839. The judgment, therefore, must be reversed for the error in granting the relief sought by plaintiffs without requiring them to restore what they received under their contract of sale. Since there must be further proceedings in the district court, Beach Hinman will be permitted to withdraw his disclaimer and assert by answer his defense and claim.

The record is unnecessarily encumbered by pleadings and evidence of details of collateral facts. In the further proceedings below, the parties, if so advised, may amend or reform their pleadings.

REVERSED AND REMANDED.