ORLEY J. HADLEY, APPELLEE, V. PLATTE VALLEY CATTLE COMPANY ET AL., APPELLEES: E. J. MCADAMS, TRUSTEE, ET AL., APPELLANTS.

10 N. W. (2d) 249

FILED JUNE 11, 1943. No. 31552.

*Hoagland, Carr & Hoagland,* for appellants.

*Beatty, Maupin & Murphy, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

The action here was originally instituted by Orley J. Hadley, plaintiff, against Platte Valley Cattle Company, a corporation, and others, whose names are not here required, and section 4, township 14, range 28, west of the 6th P. M., in Lincoln county, Nebraska, defendants, for the purpose of foreclosing tax liens on the section of land described. The petition was filed on February 9, 1940.

A decree of foreclosure, in accordance with the prayer of the petition and in usual form, was entered on March 21, 1940. In the decree there was an accounting of the amount due plaintiff, and one of the defendants and a cross-petitioner, C. H. Wilmerding, Trustee, was decreed to have title to the real estate. No question is raised as to the regularity and propriety of the foreclosure proceedings.

On April 27, 1940, which was during the term of court the decree was entered, Birdie Friend, who may be termed an unknown defendant, served with process by publication, and who was denominated in the district court a cross-petitioner and here as appellee, filed an application to set aside the decree on the ground that she was the fee simple owner of the real estate and so that she might contest the claimed title of Wilmerding. On the same date she filed an answer and cross-petition which described and declared her claim. On May 1, 1940, her application was granted and the decree was vacated and set aside. On April 16, 1942, an amended

and supplemental answer and cross-petition was filed by Birdie Friend. On May 2, 1942, defendants Noel Cover and E. J. McAdams filed appropriate responsive pleadings to those of Birdie Friend which were denominated answer to cross-petition and reply to answer of Birdie Friend. E. J. McAdams was successor-trustee to C. H. Wilmerding. No other parties appeared in the proceedings.

On July 27, 1942, after trial, decree was entered which, to the extent necessary to be set forth here, foreclosed the tax lien of plaintiff, quieted title in Birdie Friend subject to her rights under the decree of foreclosure of tax liens and subject to the right of Noel Cover or E. J. McAdams to pay $5,086.45 with interest at 6 per cent. from the date of the decree, which amount was necessary to satisfy the tax lien of plaintiff and to pay the balance due on a contract of sale which Birdie Friend held as assignee and fee simple title holder from the Platte Valley Cattle Company. From this decree Noel Cover and E. J. McAdams have appealed and in their appeal contend that Birdie Friend has no interest in this land but that E. J. McAdams through Noel Cover has title thereto by adverse possession and by purchase.

For the purpose of determining the issues in the case it becomes necessary to trace various transactions involving this real estate from a date when title to it was indisputably in the Platte Valley Cattle Company. We start with May 9, 1917. On this date the Platte Valley Cattle Company by written contract agreed to sell the real estate to one Edward L. Jones for $3,200. Payments on the contract brought the balance of the purchase price down to $2,300 in May, 1922. No further payments have ever been made on the contract. The contract was duly recorded April 8, 1918, and required that the purchaser pay the taxes. On February 11, 1918, Edward L. Jones assigned the contract to James G. Deets. This contract was also recorded on April 8, 1918. On August 12, 1918, James G. Deets assigned the contract to Noel Cover. This assignment was recorded August 30, 1918. On November 18, 1938, Noel Cover gave C. H. Wilmerding, Trustee of Armour & Company, a deed to the land to se-

cure indebtedness to Armour & Company. Cover remained continuously in possession thereafter according to his testimony.

On June 21, 1920, the Platte Valley Cattle Company, as vendor, assigned the contract to Birdie Friend. On the same day it conveyed title to her by warranty deed. This deed was recorded on June 5, 1941. Prior to the date of the recording of this deed the name of Birdie Friend did not appear in the chain of title to this land.

In the assignment of contract of purchase from Jones to Deets the Platte Valley Cattle Company was named as the vendor in the contract. In the assignment from Deets to Cover the Platte Valley Cattle Company was mentioned in the following words: "First party agrees to place in escrow in the Maxwell State Bank, Maxwell, Nebraska, an assignment from Platte Valley Cattle Co., to Noel Cover, second party, to be taken up when said deed is taken up."

The contract from the Platte Valley Cattle Company and the one under which, by assignment, Noel Cover went into possession, contains the following provision: "In case the said party of the second part shall refuse, neglect or fail to pay said purchase money and interest as above stated and agreed, he shall forfeit any and all rights in and to said real estate acquired under and by virtue of this agreement, and shall henceforth be deemed mere tenants at will under the said party of the first part and be liable to be proceeded against under the provisions of an Act regulating proceedings in cases of forcible entry and detainer, and the acts amending the same. And any payments that shall have been made, shall become forfeited to the party of the first part, as stipulated damages for the nonperformance of this contract."

From this state of the record it appears that if Noel Cover, or his grantee, is to prevail he must do so by proof of adverse possession against the Platte Valley Cattle Company, the record holder of title to June, 1941, or Birdie Friend, the fee simple title owner by deed which was not recorded until June, 1941.

That the contract was in default from May 9, 1922, is not disputed. By the terms of the contract, from that date Noel Cover became a tenant at will of the title holder of the land and the assignee of the vendor's interest in the contract, Birdie Friend. This is true since a purchaser of real estate acquires only the title which his grantor had at the time of the sale unless he purchased the property on the basis of an apparent ownership upon which he was justified in relying. *First Nat. Bank of Plattsmouth v. Gibson,* 60 Neb. 767, 84 N. W. 259; *Holladay v. Rich,* 93 Neb. 491, 140 N. W. 794; *Hylton v. Krueger,* 134 Neb. 66, 277 N. W. 792.

No such right is apparent here. The apparent title was in the Platte Valley Cattle Company and no claim is even made that any one was entitled to conveyance of title on account of performance of the contract of sale to Jones. The most that Noel Cover claims is that he fully performed his agreement with Deets, his assignor.

Before Noel Cover had the right to claim title by adverse possession against Birdie Friend, he having been in possession under a contract of purchase, it was necessary for him to prove that he had surrendered possession, or by some unequivocal act notified his vendor or the vendor's assignee that he no longer held possession, under the contract of purchase and that he thereafter for ten years held the land adversely. *Schields v. Horbach,* 49 Neb. 262, 68 N. W. 524; *Perkins v. Potts,* 52 Neb. 110, 71 N. W. 1017; *Ross v. Mc-Manigal,* 61 Neb. 90, 84 N. W. 610; *Reed v. Wellman,* 110 Neb. 166, 193 N. W. 261; *Gramann v. Beatty,* 134 Neb. 568, 279 N. W. 204; *Kennedy v. Gottschalk,* 138 Neb. 842, 295 N. W. 813.

The evidence wholly fails to satisfy these essential requirements. The first evidence of appellants in this record tending to support a claim of adverse holding is the deed from Cover to Wilmerding, Trustee, made in 1938. The next are the pleadings in this case in response to the petition of plaintiff herein for foreclosure of his tax lien. Of course these claims have not, by lapse of time, ripened into title. On the other hand there is a clear indication that as

late as June 22, 1927, Noel Cover recognized an interest in Birdie Friend and that the full amount of the purchase price had not been paid. In a letter to Charles Friend (Exhibit 150) he wrote: "I wish you would give me the amt. due on this contract by return mail." He does not claim that he ever paid or caused to be paid the amount. He only claims that he paid Deets what he owed him under their contract.

There is a failure of proof of title by adverse possession to the real estate in question here in Noel Cover or his successor.

The novel claim is made that the deed from Noel Cover to Wilmerding takes precedence over that of Birdie Friend. In support of this claim section 20-202, Comp. St. 1929, *Bliss v. Redding*, 121 Neb. 69, 236 N. W. 181, and *Tynon v. Bliss*, 121 Neb. 80, 236 N. W. 184, are cited. The citations are in nowise in point. The statute is one of limitation of action. The two cases deal with limitation upon encumbrances. Birdie Friend is the holder of the fee simple title to the land in question here and occupies the position of the vendor in the executory contract of sale. No authorities are cited and we think there are none holding that a fee simple title holder, even under an unrecorded deed, or the vendor in an executory contract of sale of real estate, forfeits title by failure to assert it affirmatively for ten years or any other period. This of course recognizes that title may be forfeited by proof of adverse possession by another for the legally recognized period of time.

The deed of Wilmerding cannot be superior to that of Birdie Friend. His came from a source foreign to the title while hers came from the source.

Noel Cover and Wilmerding came into the court of equity seeking affirmative relief and in so doing it was incumbent upon them to do equity. The same was true of Birdie Friend, and on the trial she offered so to do. *Loney v. Courtnay*, 24 Neb. 580, 39 N. W. 616; *Union Stock Yards Nat. Bank v. Day*, 79 Neb. 845, 113 N. W. 530; *Kerr v. Mc-Creary*, 84 Neb. 315, 120 N. W. 1117; *Bank of Alma v. Ham-*

*ilton,* 85 Neb. 441, 123 N. W. 458; *Wiseman v. Guernsey,* 107 Neb. 647, 187 N. W. 55; *Kruger v. Block,* 114 Neb. 839, 211 N. W. 173; *Hawkins v. Mullen,* 118 Neb. 129, 223 N. W. 670; *Federal Trust Co. v. Ireland,* 124 Neb. 369, 246 N. W. 707.

Cover and Wilmerding sought to have title quieted against all the world except the tax lien holder, and against the tax lien they sought right of redemption.

Birdie Friend sought to have her fee simple title declared, subject to the tax lien, and on the trial offered to allow title to pass to Cover and his grantee's successor upon payment by them of the balance due her as assignee of the vendor's interest in the contract of sale from the Platte Valley Cattle Company to Jones. The court decreed according to her prayer and her offer to do equity.

Cover and McAdams contend substantially that she is barred against recovery under the contract by the limitation of section 76-279, Comp. St. Supp. 1941, and sections 76-405, 76-218 and 20-202, Comp. St. 1929.

These sections have no application here. Section 76-279, Comp. St. Supp. 1941, can have no application here. It is a new section amendatory of section 76-218, Comp. St. 1929, and did not become effective until April 28, 1941.

Section 20-202, Comp. St. 1929, provides the limitation within which action may be commenced for recovery of title to or possession of land or for foreclosure. In essence Birdie Friend seeks no such relief. She seeks to defend her own title against adverse claimants.

Section 76-218, Comp. St. 1929, provides that deeds, mortgages and other instruments of writing that are required to be recorded take effect and are in force as to creditors and subsequent purchasers in good faith without notice from the date of filing and that such instruments not recorded shall be void as to the named classes of persons who take in good faith without notice. It specifically provides that such instruments shall be valid between the parties. It cannot be said that appellants were either subsequent purchasers or that they were without notice.

Section 76-405, Comp. St. 1929, is as follows: "When any lien or apparent lien on any real estate shall not be enforcible by reason of lapse of time, the owner of such real estate shall be entitled to have his title thereto quieted against such unenforcible lien or apparent lien without redeeming or offering to redeem therefrom; provided the owner or owners or their privies in estate of such real estate shall have been in possession of the same during the period of the statute of limitations." Under the evidence here appellants were not owners of the land and were never in possession as such, and neither was Birdie Friend a lienor. She was the owner of the fee simple title.

Under the authorities cited Birdie Friend is not barred from exacting, in this action in equity by Noel Cover and McAdams, that they perform that which is a condition of their right to receive the benefit sought.

We find no error in that part of the decree which requires that Noel Cover and McAdams shall be required to pay the balance of the contract with interest if they would have title quieted in them.

It is contended by appellants that the action of Birdie Friend should be dismissed because of a claimed champertous agreement between her and the plaintiff.

Whether this agreement is champertous or not need not be passed upon in this case. It deals solely with an arrangement between these two parties whereby plaintiff agrees to bear the expense of litigation for Birdie Friend and to purchase from her the avails of the litigation if she is successful.

If it be assumed that the contract was champertous as between the parties still it could avail appellants nothing. It might be a defense to an action on the agreement between the parties but it is not available collaterally to third parties. In *Omaha & R. V. R. Co. v. Brady*, 39 Neb. 27, 57 N. W. 767, this court said: "A railroad company sued for damages, alleged to have been sustained by plaintiff through its negligence, cannot interpose as a defense that the suit is being carried on by virtue of a champertous agreement be-

tween plaintiff and his counsel; this is a defense available only, if at all, to the plaintiff in a suit against him on the contract." See, also, *Chamberlain v. Grimes,* 42 Neb. 701, 60 N. W. 948.

The findings of the district court are sustained by the evidence and the decree is correct.

AFFIRMED.